ALANSON D. WOOD v. TIMOTHY BRESNAHAN.

*Exemptions—Mill machinery—Appraisal of property—Evidence.*

1. The eighth subdivision of How. Stat. § 7686, exempting the tools, implements, etc., to enable a person to carry on the profession, trade, occupation, etc., in which he is wholly or principally engaged, not exceeding in value $250, embraces machinery used in the manufacture of lumber and shingles.

2. The requisites necessary to bring a debtor within the exemption privilege of How. Stat. § 7686, are that he shall be a citizen of this State, and that the property seized shall fall within some of the provisions of said section.

3. Where a debtor had been engaged in the manufacture of lumber and shingles in this State, and was removing the engine and machinery to the railway station for shipment to Washington territory for the purpose of *there* engaging in the same kind of business, and the property was attached by a creditor, the debtor being at the time a resident of this State,—

    *Held*, that the property did not lose its *exempt* character, and that so long as the debtor remained such resident he would be entitled to claim his exemption.

4. Where an attachment debtor selected from the property seized articles equal in value to $250 according to the sheriff's appraisal,—

*Held*, in a replevin suit brought by him for the same, that, if entitled to the statutory exemption, the appraisal was *conclusive* as to value, but, if the attached property was not exempt, the question of value would be open to other proof than the appraisal.

Error to Muskegon. (Russell, J.) Argued November 4, 1886. Decided November 11, 1886.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Nelson DeLong*, for appellant.

*Delano & Bunker* (*Smith, Nims, Hoyt & Erwin*, of counsel), for defendant.

CHAMPLIN, J. Replevin for one Bay State steam-engine, and band-wheel to same, one Perkins shingle-machine, and one Climax gummer.

The defendant, as sheriff of the county of Muskegon, had seized these articles by virtue of a writ of attachment placed in his hands in a suit wherein a certain creditor of Wood was plaintiff and he was defendant. The property above specified was appraised in the attachment suit as follows:

"One Bay State steam-engine and fly-wheel, $200; one shingle-machine, $40; one saw-gummer, $10."

At the time the defendant seized this property he levied upon other machinery; the whole property being appraised at $970.

The plaintiff was a resident of this State for six or seven years, and during all that time had been engaged in the manufacture of lumber and shingles, which, prior to August 7, 1885, had been his sole business. The middle of May, 1885, the plaintiff quit manufacturing lumber and shingles, and commenced to remove the machinery and property to the railroad station, for the purpose of sending it to Wash-

ington territory, to which place he intended to remove, and engage in the manufacture of lumber and shingles, using this same engine, mill, and machinery. He remained a resident of the town of Blue Lake until some time in October. The latter part of May, or the forepart of June, the attachment above referred to was levied. After the appraisal, plaintiff claimed the property above described as exempt from sale on execution, and demanded the same of the sheriff as exempt property, and he refused to give it up.

The plaintiff requested the court to instruct the jury as follows :

"1. If you find from the evidence that the plaintiff had been engaged in the business of manufacturing lumber and shingles at the time the levy was made, and had only temporarily suspended active operations in said business, being about to remove elsewhere to engage in the same business, then you must find for the plaintiff.

"2. Although the plaintiff was about to remove to another state to engage in business, he is entitled to his exemption the same as if he were intending to remain in Michigan, for the reason that the law contemplates that persons shall have their legal exemptions somewhere."

These requests were refused, and, upon the request of defendant, the court instructed the jury that, under the undisputed testimony in the case, the plaintiff cannot recover.

The plaintiff claims the property in question as exempt property, under the eighth subdivision of section 7686 of Howell's Statutes, which reads as follows :

"The tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things to enable a person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars," shall be exempt from levy and sale, under any execution, or upon any final process of the court.

The defendant contends—

1. That the property in question in this suit is not within the terms of the eighth subdivision of the statute.

2. That plaintiff was not, at the time of the attachment levy, engaged in any profession, trade, occupation, or business which would entitle him to the articles in question, even if the articles themselves were within the eighth subdivision.

We are unable to agree with either of the propositions assumed by the defendant. There is no doubt in our minds that the property described in plaintiff's declaration is embraced in the language and intent of the eighth subdivision, exempting apparatus and other things to enable a person to carry on the business in which he is principally engaged.

The defendant asserts that "it is not the purpose of. the statute to exempt machinery, nor to protect the manufacturer." Our view is different. We do not see why the property of the manufacturer should not be exempt from execution, to the amount limited by the statute, as well as that of the farmer, the mechanic, the merchant, or the professional man. The statute extends to all business, occupation, or employment in which a person may be wholly or even principally engaged, and there is no provision of the law which expressly or by implication excepts those engaged in manufacturing business from the benefits conferred by the statute of exemptions. The requisites are—

1. That the person claiming the exemption shall be a citizen of this State.

2. That the property seized shall fall within some of the provisions of the statute which exempts property from levy and sale on execution.

But, granting this, the defendant insists, under his second proposition, that, inasmuch as the plaintiff had ceased to use the property in manufacturing for nearly a month before the levy, and did not intend to use it any longer in the place where it was, or in this State, and was engaged in re-

moving it to the station of the railroad for the purpose of carrying it out of the State, it was subject to seizure and sale upon attachment or execution against him; in short, had ceased to be exempt.

His argument is that exemptions are personal privileges, conferred on grounds of State policy, to add to the comfort and encourage the industry of the people; that they are personal privileges, local in their reasons, if not necessarily local; and that when plaintiff quit his business with the avowed intention of removing from the State, and of going into another jurisdiction to enter upon a business there, he was not entitled to the exemption privileges of Michigan.

To support his position he cites the opinion of this Court in the case of *McHugh v. Curtis*, 48 Mich. 262, where similar language was used, but in a case where the facts were quite different from this. There the plaintiff had ceased to be a resident of this State at the time of the levy. She had already removed to Canada, and left the property in dispute in this State, when it was taken in execution by her creditors. The decision was based upon the ground that she was not a resident of this State at the time it was seized, and therefore she could not bring herself within the provisions of the exemption laws.

In this case the testimony is positive that the plaintiff was a resident of the State at the time of the attachment, and continued such resident until October following. The testimony also showed that the plaintiff was engaged in removing the property in question to the railroad station for the purpose of taking the same out of the State, and of engaging in the same business in Washington territory. It was intimated, but not decided, in the case of *O'Donnell v. Segar*, 25 Mich. 367, that under such circumstances the property would not lose its exempt character, and that so long as the debtor remained a resident he would be entitled to claim his exemp-

tion. We now hold that, under the facts of this case, the property in question was exempt from execution or attachment levy.

One other error remains to be noticed. The defendant was allowed, against plaintiff's objection, to prove that the value of the property replevied exceeded $250. Such testimony was not admissible for the purpose of showing that the property was not exempt as exceeding in value the statutory limitation, nor for any purpose if the property was in fact exempt. The statute requires the property to be appraised, and then permits the debtor to select property to the appraised value of $250 as exempt. If the debtor is entitled to the property as exempt, as belonging to the class specified in the statute, the appraisal is conclusive as to value. If, however, the debtor should fail to show that the property, regardless of value, was exempt, then the question of value would be open to proof other than the appraisal; for the law will not permit a debtor to replevy property which he claims to be exempt, which is not in fact exempt, and obtain an advantage by an under-appraisal of value. The court should have properly instructed the jury as to the relevancy of such testimony, and confined its admission to the point above indicated.

The judgment should be reversed, and a new trial ordered.

The other Justices concurred.