GLOBE PHOS. CO. v. PINSON.

1. RECEIVER—SUPPLEMENTARY PROCEEDINGS.—An order appointing
   a receiver, and authorizing him to bring suit on a chose in action,
   does not adjudicate any defense to the same.
2. IBID.—IBID.—HOMESTEAD.—An order authorizing a receiver to col-
   lect a chose in action, and to hold the proceeds subject to the further
   order of the Court, is not erroneous, where the payee's homestead is
   less than the amount due on the chose, and the property already as-
   signed.
3. HOMESTEAD.—Objections to the valuation of property assigned as
   homestead can only be taken by exceptions to return.
4. RECEIVER — SUPPLEMENTARY PROCEEDINGS — INJUNCTION.— The
   payer of a note may be enjoined, under Code, 319, in an order ap-
   pointing a receiver, &c., in supplementary proceedings, from paying
   the note to another than the receiver.
5. IBID.—IBID.—DEBTOR AND CREDITOR.—A judgment debtor cannot
   object to so much of an order, in supplementary proceedings, as en-
   joins his creditor from paying to another than the receiver a debt due
   him.
6. HOMESTEAD.—Where a judgment debtor does not present to com-
   missioners for valuation and assignment a note due him, he cannot
   afterwards claim it as homestead. (*Dicta.*)

Before WATTS, J., Anderson, July, 1897.    Affirmed.

Supplementary proceedings in an action by Globe Phos-
phate Company *v.* J. D. Pinson.    Order of Circuit Court is
as follows:

After hearing read the testimony taken before R. M.
Burriss, probate judge and special referee for said county,
under supplementary proceedings had in the above stated
case; and it appearing from the judgment roll in the above

stated case that a homestead in real and personal property has been set off to the defendant, J. D. Pinson; and it appearing, further, that the said J. D. Pinson has other property than that set off to him as homestead, which he neglects and refuses to apply to the payment of his debts; and it appearing, further, that J. A. Pinson is indebted to said J. D. Pinson in about the sum of $200, balance of the purchase money of a tract of seventy-seven acres of land: Now, on motion of Bonham & Watkins, plaintiff's attorneys, it is ordered, adjudged, and decreed, that John A. Hayes be, and is hereby, appointed receiver of all the property, real and personal, together with choses in action, of the said J. D. Pinson, not included in the inventory or schedule of the property appraised and set off to him as homestead; and particularly of the claim of $200 due by J. A. Pinson to said J. D. Pinson as aforesaid. And the said J. A. Pinson is hereby enjoined and restrained from paying the said sum of $200 to any other person than John A. Hayes, the receiver herein appointed. And the said J. D. Pinson is hereby enjoined and restrained from selling, assigning, transferring, conveying or in any wise disposing of any of the property of which he is possessed, not included in the schedule of the property, real and personal, set off to him as homestead as aforesaid; and he is particularly enjoined and restrained from assigning, transferring or disposing of his claim against J. A. Pinson for the sum of $200 due for the balance of the purchase money of a tract of land as aforesaid. And the said John A. Hayes, receiver, is hereby authorized and empowered to sue for and collect the above named claim, and any and all choses in action and claims belonging to the said J. D. Pinson; and to sell such property, real and personal, as may come into his hands of the assets of said J. D. Pinson; and that he hold the same subject to the further order of this Court. That the said John A. Hayes, before entering upon his duties as such receiver, do enter into bond, in the sum of $200, with one or more sureties, to be approved by the clerk of court, conditioned for

the faithful performance of his duties.   Let copies of this
order be forthwith served on J. D. Pinson and J. A. Pinson.

From this order the defendant appeals, on the following
grounds:

1. He erred in appointing John A. Hayes receiver of all
the property, real and personal, together with the choses
in action, of the said J. D. Pinson, not included in the in-
ventory or schedule of the property appraised and set off to
him as homestead; because, under the testimony, it did not
appear that the said J. D. Pinson had in his possession any
property applicable to plaintiff's judgment.

2. He erred in appointing a receiver "particularly of the
claim of $200 due by J. A. Pinson to said J. D. Pinson;" it
appearing, from said testimony, that said balance was ex-
tinguished by reason of an agreement between the said J.
D. Pinson, Jas. A. Pinson, and John Pinson, by which the
said Jas. A. Pinson was to assume an indebtedness of the
said J. D. Pinson to John Pinson for services, in considera-
tion of the said J. D. Pinson releasing him for the balance
due on the said land.

3. That in any event, the said J. D. Pinson would be en-
titled to a homestead in the said $200; and his Honor erred,
therefore, in holding it applicable to plaintiff's judgment,
and in ordering the receiver appointed herein to collect
the same.

4. He erred in enjoining the said J. A. Pinson from pay-
ing the said sum of $200 to any other person than the re-
ceiver herein appointed, the said J. A. Pinson not being a
party to this action.

5. He erred in enjoining and restraining J. D. Pinson
from selling, assigning, transferring, conveying or in any
wise disposing of any of the property of which he is pos-
sessed, not included in the schedule of the property, real
and personal, set off to him as homestead; it being respect-
fully submitted that, under the Constitution and the laws of
this State, the said J. D. Pinson is entitled to homestead

exemption in the sum of $500, and the said J. D. Pinson is entitled to enough personal property, which, together with the amount set off to him as homestead, would make said sum of $500; and his Honor erred in not so holding.

6. He erred in not authorizing the said receiver to take possession of only such property of the said J. D. Pinson as would be subject to levy and sale under execution by virtue of the laws of this State, including homestead provisions, and he erred in authorizing the said receiver to take possession of any property other than that herein specified.

*Messrs. J. E. Breazeale* and *J. A. McCullough*, for appellant, cite: *Appointment of receiver error, because defendant had no property applicable to plaintiff's judgment:* Rev. Stat., 2135; 32 S. C., 265.

*Messrs. Bonham & Watkins*, contra, cite: *An assignment of homestead unappealed from settles all questions:* Rev. Stat., 2126; 20 S. C., 527; 25 S. C., 572; 12 S. E. R., 203; 8 S. E. R., 156. *Defendant cannot object to the order restraining his debtor from paying the debt to another than the receiver:* 22 S. C., 585; Code, 317, 319; 21 S. C., 339.

March 30, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. It appears from the record in this case that on the 20th of June, 1896, the plaintiff recovered a judgment against the defendant in an action which was commenced on the 1st of May, 1896. When the sheriff undertook to levy the execution issued to enforce said judgment, the defendant claimed a homestead exemption, and commissioners were appointed to lay off and assign the homestead; and they made their return on the 5th of April, 1897, in which they set apart to the defendant certain specified articles of personal property which they valued at $385, as his homestead exemption in personal property, and also assigned to said defendant a tract of land, described by metes and bounds, containing 112 acres, more or less, valued at the sum of $1,000. No ex-

ception to this return made by the commissioners appointed to lay off defendant's homestead was taken, and the execution on plaintiff's judgment was returned *nulla bona*. Matters remained in this condition until the 8th of June, 1897, when the plaintiff, under proceedings supplementary to the execution, applied for and obtained an order from his Honor, Judge Klugh, requiring the said J. D. Pinson, the judgment debtor, to appear before R. M. Burriss, as special referee, at a time appointed, to answer concerning his property. In pursuance of this order, the referee held sundry references, at which the testimony of the said J. D. Pinson, as well as that of sundry other witnesses, was taken, all of which is set out in the "Case." Upon the filing of this testimony, and after due notice to the defendant, J. D. Pinson, the plaintiff applied for and obtained from his Honor, Judge Watts, an order, which is set out in the "Case," and which will be embodied in the report of this case, appointing one John A. Hayes receiver of all the property of the said J. D. Pinson, "not included in the inventory or schedule of the property appraised and set off to him as homestead," with other appropriate provisions, which may be seen by reference to said order. From this order the defendant, J. D. Pinson, appeals upon the several grounds set out in the record, which will be likewise incorporated in the report of this case.

The first ground raises a pure question of fact which has been decided by the Circuit Judge adversely to appellant; and, it seems to us, that the testimony fully supports the conclusion of the Circuit Judge.

The second ground imputes error to the Circuit Judge in appointing a receiver, "particularly of the claim of $200 due by J. A. Pinson to said J. D. Pinson," because it appears from the testimony that the balance due on said claim was extinguished by an agreement between the said J. D. Pinson and his two sons, Jas. A. Pinson and John Pinson, in reference thereto. A sufficient answer to this exception is that we do not understand the

order of Judge Watts as *adjudicating* whether anything, or, if so, how much, is due on this claim. The receiver is simply directed to bring suit for the balance due on this claim, and if, in such action, the said J. A. Pinson is able to show that the same has been "extinguished" by the agreement referred to in the exception, we see nothing in the order forbidding him to do so. The testimony of the defendant himself, as reported by the referee, undoubtedly did show, as stated by the Circuit Judge, that Jas. A. Pinson was indebted to his father, the said J. D. Pinson, in about the sum of $200, on the sale of the land hereinafter referred to; and whether that indebtedness has been paid or otherwise "extinguished," the Circuit Judge, did not undertake to consider or decide.

The third ground makes the point, "that, in any event, the said J. D. Pinson would be entitled to a homestead in the said $200," and for this reason there was error in holding it applicable to plaintiff's judgment. There are, at least, two conclusive answers to this exception: 1st. The defendant having already had personal property to the amount of $385 assigned to him as his personal property exemption, he could not, in any event, claim more than $115 additional; and hence, in no event, could he claim the whole of the $200; and then, 2d, the Circuit Judge did not order the receiver to apply anything that he might collect, or might receive from the sales of any property which should come into his hands, to the plaintiff's judgment; but, on the contrary, the order is, "that he hold the same subject to the further order of this Court." But as this matter seems to be the real bone of contention between these parties, we will consider it further. For this purpose it will be necessary to make a brief statement of facts, appearing in the testimony of the said John D. Pinson himself, as reported by the referee. A few months before the plaintiff brought the action in which the judgment was recovered, and after J. D. Pinson had been notified that the plaintiff's claim was in the hands of attorneys for collection,

to wit: in January, 1896, he says in his testimony: "I owned at that time 189 acres of land. I hold 112 acres of that under a homestead claim admeasured. I sold the seventy-seven acres to my son, James, January, 1896." He goes on to say that the land was sold at $10 per acre, and that he was then "owing him in different ways perhaps upwards of $500." But he only specifies $200 for two years services, and a mortgage for $150 taken up for him by his son. So that, according to that statement, his son owed him $770 for the land, and he owed his son $350, which would leave a balance then due him of $420 instead of $200, as he claims. It will be observed that this transaction took place in January, 1896, and afterwards, when the defendant's homestead was set off to him, no mention seems to have been made of this claim against his son. It is true that, in the argument here, counsel for appellant has undertaken to show that the value of the personal property assigned to him as exempt did not amount to the sum of $385, as stated in the return of the homestead commissioners; but as no exception was taken to that return, it seems to us that it is too late to do so now.

The fourth exception makes the point, that inasmuch as James A. Pinson was not a party to this action, the Circuit Judge erred in enjoining the said J. A. Pinson from paying over the said sum of $200 to any other person than the receiver. Sec. 319 of the Code is as follows: "If it appear that a person or corporation alleged to have property of the judgment debtor or indebted to him, claims an interest in the property adverse to him, or denies the debt, such interest or debt shall be recoverable only in an action against such person or corporation by the receiver; but the Judge may, by order, forbid a transfer or other disposition of such property or interest till a sufficient time be given to the receiver to commence the action and prosecute the same to judgment and execution; but such order may be modified or dissolved by the Judge granting the same at any time, on such security as he shall direct." So that,

under this section, the action of the Circuit Judge seems to have been expressly authorized. Indeed, without some such provision, it is apparet that, in many cases, supplementary proceedings would become wholly nugatory. Besides, this proceeding is not an action, and the rules applying to actions are not applicable to a special proceeding. But what is absolutely conclusive of this matter is, that the judgment debtor, who alone brings this appeal, cannot appeal from that portion of the order which enjoins James A. Pinson from paying the balance due by him to any person other than the receiver. *Dauntless Manufacturing Co.* v. *Davis*, 22 S. C., 584. The Circuit Judge very properly required that a copy of his order should be served upon James A. Pinson, as well as upon the judgment debtor, and if he considers himself aggrieved thereby he—but not the judgment debtor—may take the proper steps to protect himself.

The fifth and sixth exceptions are disposed of by what has already been said, and must be overruled.

The judgment of this Court is, that the order appealed from be affirmed.

MR. JUSTICE GARY, *concurring.* The return of the commissioners in homestead proceedings is conclusive as to all matters then in existence; but if the homestead claimant has not property equal in value to the amount of the exemption allowed by law, at the time the homestead is set off to him, he has the right to claim the exemption in property acquired thereafter to the extent of the deficiency. In this case the claim of $200, alleged to be due the appellant, was in existence at the time the homestead was set off to him. He did not appeal from said return, and cannot now claim an exemption in property which might then have been included in the return. I, therefore, concur in the opinion of Mr. Chief Justice McIver.

Mr. Justice Pope did not sit in this case.