Rancourt v. Hahn.

# ATTACHMENT AND GARNISHMENT — EXEMPTIONS—JUSTICE OF THE PEACE.

[Cuyahoga (8th) Circuit Court, December 9, 1907.]

Winch, Henry and Marvin, JJ.

## JOSEPH W. RANCOURT v. ARTHUR W. HAHN.

1. WHO ARE RESIDENTS OF THIS STATE UNDER OUR EXEMPTION LAWS.

Where a defendant was at the time of the commencement of a proceeding in attachment against him, indebted to the plaintiff in the sum of $22.98 for groceries furnished as necessaries to his family, and he had for a long time resided in the city and county where such action was begun, and was living with his wife and children, but was about to remove his family to Canada, and had his goods loaded on a car, but his intention was to return in two years or more or as soon as his job was completed, he was at the time of levying of this attachment a resident of Ohio, and entitled to exemptions, as the head of a family. For he is a resident of this state, under our exemption laws, and is actually in the state, and has his home here. And when one has acquired a residence here he cannot lose it and become a nonresident by simply determining to remove elsewhere, without actual removal.

2. WHO ENTITLED TO EXEMPTIONS IN LIEU OF HOMESTEAD.

Under Rev. Stat. 5441 (Lan. 8970) where neither the defendant nor his wife is the owner of a homestead, and is as in this case a resident of Ohio, he is entitled to property of greater value than that here attached, which is valued at $400, in lieu of a homestead; and a failure in his motion, to specify under which clause or section of the statutes he made his selection, is not fatal, for he must be presumed to have made it under the section of the statutes which entitled him to the exemption, which is Rev. Stat. 5441 (Lan. 8970).

[For other cases in point, see 4 Cyc. Dig., "Exemptions," §§ 87-92.—Ed.]

3. DEMAND FOR EXEMPTIONS MAY BE MADE BEFORE JUSTICE.

Where the defendant in an attachment proceeding made his claim for exemptions in lieu of a homestead to a justice of the peace by filing motion to discharge the attachment officer who held the property, the justice has jurisdiction to entertain and dispose of the contention, and the demand was not made to the wrong person.

[For other cases in point, see 4 Cyc. Dig., "Exemptions," § 77.—Ed.]

4. CLAIM FOR NECESSARIES ENTITLES ONE TO AN ATTACHMENT.

Under Rev. Stat. 6489 (Lan. 10066) the fact that a suit is brought for necessaries, authorizes the issuing of an attachment without reference to whether any other of the causes provided in the statute existed; and plaintiff may have an attachment for such cause alone.

[For other cases in point, see 1 Cyc. Dig., "Attachment and Garnishment," §§ 41-43.—Ed.]

[Proof of this decision and syllabus has been submitted to Judge Marvin and corrected.]

ERROR to Cuyahoga common pleas court.

**Hart, Canfield & Croke,** for plaintiff in error.

**O. W. Broadwell,** for defendant in error.

Cuyahoga County.

## MARVIN, J.

Hahn brought suit against Rancourt before a justice of the peace in Cuyahoga county, Ohio, upon an account, and at the time of beginning the action filed an affidavit for attachment against the defendant's property, setting up various grounds for the attachment, among which is the statement that the claim on which judgment is sought is for necessaries contracted for since April 26, 1898, and that said defendant is a nonresident of said county of Cuyahoga.

All of the other grounds which under the statute authorizing the issuing of an order of attachment by a justice of the peace are stated in the affidavit, except the one ground that the defendant fraudulently and criminally contracted and incurred the obligation for which suit is about to be brought. There is no claim at all that any one of these statements in the affidavit is true, except the one as to the necessaries, and the one as to nonresidence. Attention is called to this, because of the apparent recklessness with which the plaintiff below resorted to a proceeding in attachment, and it is a practice which should be severely criticised, that men will allow themselves to make an affidavit for the purpose of obtaining an attachment, which contains statements which are not true, and which the plaintiff has no reason for supposing to be true.

One of the averments in the affidavit is: "That the defendant is not the head or support of a family." Another is: "That the defendant has left the county of his residence to avoid the service of a summons; and that said defendant so conceals himself that a summons cannot be served upon him." Another is: "That the defendant has assigned, and removed and disposed of and is about to assign, remove and dispose of his property, or a part thereof, with intent to defraud his creditors."

There was no reason, so far as appears for the plaintiff who made this affidavit, to believe that the defendant was about to convert any property into money for the purpose of defrauding his creditors, and the very fact that the suit was brought for necessaries, furnished to the family of the defendant negatives the idea that the plaintiff supposed that the defendant was not the head or support of a family. It is said in reference to this, that a printed form of affidavit was used, and that the party preparing it neglected to erase such parts of it as the plaintiff did not rely upon. If this be so, it shows, to use the mildest term, recklessness on the part of the person making the affidavit, and neglect on the part of the officer before whom it was made, in not distinctly calling the attention of the party making it to the facts he was

Rancourt v. Hahn.

making oath to. Perhaps it may as well be said here that equal recklessness is manifested in the affidavit filed by the defendant in support of his motion to discharge the attachment, for he made oath denying each and every and all of the allegations in the affidavit of the plaintiff; whereas he states in his evidence that the suit was brought for necessaries. It is a most unhappy thing that men will thus make oath to so many things in affidavits which, if they carefully considered them, they would know were not true. However, the attachment was issued, and the property taken under the attachment consisting of household goods. These goods were loaded on a car of the Pennsylvania Railroad Company for transit to Canada. The defendant below moved the court to discharge the attachment on the ground "that he is a married man residing in the state of Ohio, and living with his wife and four children; that neither he nor his wife is the owner of a homestead; that the property taken by virtue of the attachment issued in these proceedings is his household goods, consisting of bed and bedding, furniture, chairs, etc., necessary for himself and family to keep house with; that the same are exempt under the laws of the state of Ohio; that said household goods will not exceed $400 in value; that he demands and selects the same as exempt under the laws of the state of Ohio."

This motion was overruled by the justice. Appeal was taken to the court of common pleas on the overruling of the motion, and upon a hearing had in that court the motion was there overruled, and it is for the purpose of reversing this action of the court of common pleas that the present proceedings are prosecuted here. The bill of exceptions filed in the case, which contains all of the evidence, shows that the defendant below was at the time of the commencement of the action indebted to the plaintiff below in the sum of $22.98, for groceries furnished as necessaries to his family; that he had for a long time resided in Cleveland, Cuyahoga county, Ohio; that he was living here with his said wife and children, but was about to remove his family to Canada, where he had a particular job of work to do which might last for two years or more, and upon the completion of which it was his intention to return to Cleveland. It shows further, that neither the defendant nor his wife is the owner of any homestead, and the question is thus raised: First, was he at the time the attachment was issued a nonresident of Cuyahoga county, so as to justify the issuing of attachment? And second, was he a resident of the state of Ohio in such sense that he was entitled to exemptions in lieu of a homestead, and if he was so entitled, did he make selection of and demand his goods attached in such wise as to entitle him to have them exempt? And still

further, if all the goods seized in the attachment were exempt, was a motion to discharge the attachment the proper means of obtaining the release of the exempted goods?

We consider first the question raised as to whether, even if the defendant was a resident of Cuyahoga county, the plaintiff was entitled to an attachment, and we have reached the conclusion, after a careful analysis of Rev. Stat. 6489 (Lan. 10066), that the fact that the debt for which suit was brought was for necessaries, authorizes the issuing of the attachment without reference to whether any one of the other causes provided for in the statute existed. The language of the statute is somewhat prolix, but we hold, that where the suit is brought to recover for work or labor, or for necessaries, the plaintiff may have an attachment for such cause alone.

We consider next the question of whether the defendant was entitled to exemptions, and this depends first upon the question of whether he was a resident of Ohio, for it is shown without contradiction that he was the head of a family, a husband, living with his wife and children. We reach the conclusion that he was at the time of the levying of this attachment, a resident of Ohio, and therefore entitled to exemptions, as provided for residents of this state who are head of families. We have already called attention to the facts upon which this is based.

Whatever other definition may be given, it is certain that he is a resident of the state, under our attachment laws, who is actually in the state, and has his home there, and not elsewhere. And when one has acquired a residence here he cannot lose it and become a nonresident by simply determining to remove elsewhere, without actual removal, while he and his family are still here, though he is preparing to remove elsewhere with his family, until such actual removal, he has not become a nonresident of the state.

In Jacobs, Domicile Sec. 73, it is said that the word "domicile" is not synonymous with "residence," and that the word "residence" commonly imports something less than "domicile." This author says that no certain and accurate definition of the word "resident" or "residence" as used in the statutes of the several states seems to have been found, but nowhere does he intimate that one's residence can be changed, after having been once acquired, without actual removal of his person.

In all the cases examined we find none where it has been held that after one has acquired a residence, in a particular state or county, he can cease to be a resident of such state or county, until he has actually left the place of which he had been a resident.

Rancourt v. Hahn.

In *Weitkamp* v. *Loehr*, 53 N. Y. Super. Ct. 79, the decision tends to strengthen the positions taken here, and the authorities cited and quoted in the opinion in *Thomson* v. *Ogden*, 13-23 O. C. C. 185, as well as the case itself, tend to support the same view.

Drake, Attachment Secs. 58 and 59, says:

Section 58. "In determining whether a debtor is a resident of a particular state, the question as to his domicile is not necessarily always involved; for he may have a residence which is not in law his domicile. Domicile includes residence, with an intention to remain; while no length of residence, without the intention of remaining, constitutes domicile."

Section 59. "A *resident* and an *inhabitant* mean the same thing. A person resident is defined to be one 'dwelling or having his abode in any place'; an inhabitant, 'one that resides in a place'. These terms will therefore be used synonymously, as they may occur in the cases cited."

The question here, so far as residence is concerned, is one applicable to the matter of exemption, because we have already held under the affidavit charging that the debt sued upon was for necessaries, the attachment properly issued. When we consider the use of the word "resident" in connection with exemption laws we must keep in mind that exemption laws are always to be liberally construed; this is the universal holding, and with that in mind, attention is called to Waples, Home. & Exemp. Laws 774, under the heading "Resident."

Among other things. this is said: "But an intention to leave the state, suspension of business, and the taking of machinery (claimed as exempt) to a railroad station for shipment to a place beyond the state. do not make the debtor a nonresident or affect his exemption privilege." See *Wood* v. *Bresnahan*, 63 Mich. 614 [30 N. W. Rep. 206]; *Birdsong* v. *Tuttle*, 52 Ark. 91 [12 S. W. Rep. 158; 20 Am. St. Rep. 156].

It follows that if the defendant below made the proper selection and demand for his exemption, he was entitled to them. It is true, that the goods claimed by him as exempt are not shown to be such as are specifically exempted by the statute, but, under Rev. Stat. 5441 (Lan. 8970), neither the defendant nor his wife being the owner of a homestead, if he was, as we hold, a resident of Ohio, he was entitled to property of greater value than this property here attached is shown to be, in lieu of a homestead. In his motion he stated that he selected and demanded the property attached, exempted under the laws of the state of Ohio. It is true that he did not specify under what clause or

section of the statutes he made his selection, but it is but fair to say that he must be presumed to have made it under such section of the statutes as entitled him to the exemption, and so that the exemption provided for in Rev. Stat. 5441 (Lan. 8970), was available to him under the selection which he made. As to whether the making the claim before the justice of the peace instead of to the officer who held the property, we regard that as settled by the case of *Kirk* v. *Stevenson*, 59 Ohio St. 556 [53 N. E. Rep. 49], where the court say, in reference to a similar state of facts: "Nor was the demand made of the wrong person. The justice had jurisdiction to entertain and dispose of the contention."

It is said, however, on the part of the defendant in error, that even if the facts and the law would exempt all the property taken in the attachment, still a motion to discharge the attachment was not the proper means of obtaining the release of the property. This contention, we think, is disposed of by *Kirk* v. *Stevenson, supra*, and that the court should upon this motion have discharged the property whether it was in form a discharge of the attachment or not.

In Swan's Treatise (18 ed.) 444, it is clearly implied, that the justice, upon a motion to discharge the attachment, should in a proper case release the property attached, and forms are given for a discharge of all the property attached and for a discharge as to some part of the property attached. We find, then, that the court below should have discharged from this attachment on this motion all of the property attached, and for error in overruling the motion and refusing so to discharge, the judgment of the court below is reversed and the case remanded.

**Winch** and **Henry, JJ.,** concur.