## M. S. STRINGER v. J. J. ELSAAS and A. H. Smart, as Sheriff of Nelson County, North Dakota.

(163 N. W. 558.)

**Exempt property — levy upon — law — in defiance of — knowledge of exemption — exemplary damages — jury may award.**

1. When in defiance or disregard of law a party levies on and sells property known to be exempt, a jury may award exemplary damages.

**Attachment — execution — property — levy upon — person or officer — acts of — rights of others — regard for — must have — process of law — abuse of.**

2. In levying on property under an attachment or execution, a person is bound to act with due regard for the rights of others and to refrain from abusing the process of the law.

Opinion filed May 8, 1917.

Action in Conversion.

From a judgment and order of the District Court of Nelson County, *Cooley,* J., defendants appeal.

Affirmed.

*Frich & Kelly,* for appellants.

Where property levied upon is claimed as exempt, and appraisers are selected, their report as to property and value is the best evidence, and oral testimony in reference thereto is incompetent. Comp. Laws 1913, §§ 7734, and 7735; Wood v. Bresnahan, 63 Mich. 614, 30 N. W. 206; Levi v. Groves, 3 Ohio L. J. 569, 7 Ohio Dec. Reprint, 508; 23 Century Dig. Title "Exemptions," § 153.

"The value of the homestead premises, as fixed by the appraisers in setting of a homestead, is conclusive until vacated in a direct proceeding brought for that purpose, and parol evidence is inadmissible to contradict such determination in a subsequent collateral action." 6 Enc. Ev. 529; Barney v. Leeds, 54 N. H. 128; Fletcher v. State Capital Bank, 37 N. H. 369; Globe Phosphate Co. v. Pinson, 52 S. C. 185, 29 S. E. 549; Comp. Laws 1913, §§ 5611–5615; 13 Enc. Ev. 560.

In their attempt to establish the value of the property, they should have shown the market value of similar goods either purchased or to

be purchased for purposes of replacement. Nightingale v. Scannell, 18 Cal. 315; Note to § 3333, Cal. Civ. Code, 2 Kerr's Cyc. Codes (Cal.) pp. 2191 et seq.

In order to bind a person by his acts or words, as a waiver, it must be shown that he acted or spoke with full knowledge of the facts and circumstances attending the creation of the right he is alleged to have waived. 13 Enc. Ev. 1021.

*S. G. Skulason* and *Ingman Swinland,* for respondent.

When plaintiff has proved that he was the owner of the property, and was within the statutory limit in value, the burden of proving that the property was not exempt was on defendant. 6 Enc. Ev. 557; Wagner v. Olson, 3 N. D. 74, 54 N. W. 286; Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840; Thompson v. Peterson, 122 Minn. 228, 142 N. W. 307.

Exemplary damages are recoverable against one who knowingly sells exempt property, even if there is no actual malice. Galvin v. Tibbs, H. & Co. 17 N. D. 604, 119 N. W. 39; Cronfeldt v. Arrol, 50 Minn. 327, 36 Am. St. Rep. 48, 52 N. W. 857; Brown v. Bridges, 70 Tex. 661, 8 S. W. 502; Lynd v. Picket, 7 Minn. 184, Gil. 128, 82 Am. Dec. 79; Gardner v. Minea, 47 Minn. 295, 50 N. W. 199; Willis v. Noyes, 12 Pick. 324; Matteson v. Munro, 80 Minn. 340, 83 N. W. 153.

The amount is for the jury to determine. Wright v. Waddell, 89 Iowa, 350, 56 N. W. 650; Howard v. Rugland, 35 Minn. 388, 29 N. W. 63; Thompson v. Peterson, 122 Minn. 228, 142 N. W. 307.

A waiver is not presumed unless it is clearly proved. Every reasonable presumption will be made against it, especially when it relates to a constitutional right. 13 Enc. Ev. 559; Murphy v. Sherman, 25 Minn. 196; Pierce v. Boalick, 42 Pa. Super. Ct. 218.

The value of goods in such cases is not determined solely by the appraisement, but may be shown by the testimony of other witnesses who are familiar with the goods and values, and otherwise competent. The appraisement is not conclusive of the value. 6 C. J. p. 240, § 459; Douglass v. Hill, 29 Kan. 527.

The value either at time of asserting exemptions, or at time of trial, may be shown. Also, that it is under the limit. The owner of the goods is a competent witness as to value. So, of householders. The

competency of such witnesses rests largely in the discretion of the court. 13 Enc. Ev. 560, 562, 567; Roden v. Brown, 103 Ala. 324, 15 So. 598; Lynd v. Picket, 7 Minn. 184, Gil. 128, 82 Am. Dec. 79; 6 Ency. Ev. 558; Richter v. Harper, 95 Mich. 221, 54 N. W. 768; Lincoln Supply Co. v. Graves, 73 Neb. 214, 102 N. W. 457; Jensen v. Palatine Ins. Co. 81 Neb. 523, 116 N. W. 286; Langdon v. Wintersteen, 58 Neb. 278, 78 N. W. 501; Patterson v. Chicago, M. & St. P. R. Co. 95 Minn. 57, 103 N. W. 621.

Errors assigned but abandoned in argument need no attention. Minneapolis, St. P. & S. Ste. M. R. Co. v. Firemen's Ins. Co. 62 Minn. 315, 64 N. W. 902; Galvin v. Tibbs, H. & Co. 17 N. D. 602, 119 N. W. 39.

Where it clearly appears that, if errors were committed by the trial court in rulings on evidence, they could not and did not influence the jury, no prejudice can be claimed, and they would not constitute prejudicial error. Lynd v. Picket, 7 Minn. 184, Gil. 128, 82 Am. Dec. 79; Galvin v. Tibbs, H. & Co. 17 N. D. 600, 119 N. W. 39.

If counsel objected to any portion of the charge on account of omissions or error as to law or fact, it was their duty to call the court's attention to the same. Johnson v. MacLeod, 111 Minn. 479, 127 N. W. 497, 1120; Wickham v. Chicago, St. P. M. & O. R. Co. 110 Minn. 74, 124 N. W. 639, 994; Jacobson v. Great Northern R. Co. 120 Minn. 52, 139 N. W. 142.

ROBINSON, J. The plaintiff sues to recover from defendants for the conversion of personal property alleged to be worth $612.50. The jury returned a verdict in favor of the plaintiff for $550. The defendants appeal from the judgment and from an order denying a motion for a new trial.

It appears that, under a writ of attachment and a judgment against the plaintiff for $355.75, the defendants levied upon and sold all of plaintiff's household property, which was exempt from such levy and sale. The plaintiff was a resident of the state, and he duly claimed his exemptions.

By an appraisal made under the direction of the sheriff, the property was valued at $300. At a forced sale on execution it brought $366.75, and the evidence shows it was fairly worth about $450. Hence, it

seems the jury allowed plaintiff $100 as exemplary damages. The case was fairly tried, and the only real question is in regard to the exemplary damages. By statute it is provided:

Comp. Laws 1913, § 7168: "The detriment caused by the wrongful conversion of personal property is presumed to be:

"1. The value of the property at the time of the conversion, with the interest from that time.

. . . . . . . . .

"3. A fair compensation for the time and money properly expended in pursuit of the property."

Sec. 7145: "In any action for the breach of an obligation not arising from contract, when the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to actual damages, may give damages for the sake of example and by way of punishing the defendant."

In this case the defendants and their counsel knew, or ought to have known, that the property levied on was exempt. The levy and sale was made in defiance or in disregard of the law, and it was manifestly oppressive. It was a gross abuse of the process of the law, and the plaintiff has been made a very considerable expense in trying to recover the value of his exempt property.

Under our statute when a debtor desires to claim exempt property by valuation, as per § 7731, then as per § 7733, he must make a schedule of all his personal property of every kind, and deliver the same to the officer having the attachment. The schedule must be subscribed and sworn to. Then, if there is any question in regard to the valuation being excessive, or if the property is in excess of the exemptions, the property must be appraised at the actual value of the several articles, and the value of each article must be set down in the inventory or by lots, with the value opposite each article or set of articles, and, from the appraisal so made, the debtor, his agent, or attorney may select property to the amount exempt. When the total value of the property is confessedly less than the exemption, then the appraisement answers no purpose whatever; it becomes an idle act. And so it was in this case. The sheriff's appraisal or valuation amounted to nothing, because there was no claim that the total value of the property was in excess of $500. The valuation might have been put at $5 or $500, without

in any manner affecting the exemption claim.   The purpose of such a valuation is merely to enable the debtor to select property to the amount of his exemptions, and not to determine the value of the property in any subsequent proceeding.

In an action for the wrongful sale and conversion of property on a writ of execution, no court has ever held that the sheriff's appraisal was conclusive evidence of the value of the property.   The appraisal is made for the sole purpose of determining the exemption right, and it can be given no force or effect, only so far as it bears on the exemption right.   Judgment affirmed.

BRUCE, Ch. J. (dissenting).   This is an appeal from a judgment for damages occasioned by the alleged unlawful sale of exempt property.

It is first alleged that the proof shows a waiver by the plaintiff of his right to exemptions, and that the court erred in his instruction, that "you are further instructed that you should find from a fair preponderance of the evidence in this case that the plaintiff, Stringer, at any time before the sale of this property upon execution, to wit, on the 12th day of August, 1910, waived his claim of exemptions, then you should find for the defendant."

The evidence shows that the plaintiff, Stringer, made a claim for exemptions on January 15, 1914.   On January 28, 1914, he wrote to the defendant as follows: "How much of that furniture do you fellows want, and what pieces do you want to satisfy your claims?   I will not let the range go, but I will let anything else go if you want to be reasonable."   It also shows that in reply to this letter the defendant Elsaas wrote: "Will say that we are willing to let you have the range, providing you give us bill of sale on the rest of your furniture."   It also shows that no bill of sale was given, but that afterwards, and before the sale by the defendant under his execution, the plaintiff made a redemand for the goods.

There was clearly no waiver of the right to the exemption.   There was no offer to relinquish the right as to all of the property but to the range only.   The offer was that the plaintiff would let *anything* go. It was not that he would let *everything* go.   The fact that the words, "if you want to be reasonable," were added even to this offer, empha-

sizes this fact; and that it was contemplated that, in the selection of the goods and in their valuation, reason should be shown.

Even as to this offer there was no acceptance, but merely a counter-proposal. It was that the defendant would let the plaintiff keep the range, provided that he gave a bill of sale of the rest of the furniture. This counter offer was not accepted, and there was, therefore, no contract. The redemand of the goods also, and the reassertion by the owner of the claim for exemptions before the sale, reasserted the right, and must have made it clearly apparent to the defendant that the exemption was still relied upon.

I also agree with respondent that where, in defiance and disregard of law, a party levies on and sells property known to be exempt, a jury may award exemplary damages. 11 R. C. L. 559; Comp. Laws, 1913, § 1145.

I am satisfied, however, that the trial court erred in allowing plaintiff to testify in regard to the value of the goods in controversy, and that the report of the board of appraisers appointed at the instigation of the plaintiff was the best and only competent proof of the fact.

Section 208 of the Constitution merely provides that wholesome laws shall be passed "exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law." Sections 7729 to 7743 of the Compiled Laws of 1913 put this constitutional provision into operation, and provide for the nature, extent, and mode of claiming exemptions. Except as allowed by those statutes, no exemptions exist. Sections 7734 and 7735 of the Compiled Laws of 1913 provide for the selection of appraisers when a claim for exemptions has been made, and prescribe the duties of such appraisers when chosen in the manner prescribed. The appraisers must take an oath "to truthfully and honestly appraise the property of the debtor." The same must be "appraised at the actual value of the several articles," etc. Section 7737 requires the sheriff or other officer having any process of levy or sale to make return with his writ or warrant of any inventory and appraisement of any such exempted personal property. The evident purpose of these enactments is to provide a speedy means of fixing the value of property claimed as exempt, and of making a permanent official record of such

valuation. The appraisers constitute a quasi judicial body, and act for all parties. One of them is chosen by the owner, another by the creditor, and these two select a third person. It is only the property which is scheduled by the debtor and which is appraised by them that is exempt. Surely no creditor could, in the absence of fraud or palpable mistake, set aside their determination and afterwards levy on the property that they had held to be exempt and as coming within the statutory amount, on the ground that such values had been underestimated. Surely such a determination, in the absence of a proper proceeding to set it aside, should be conclusive upon the debtor. Wood v. Bresnahan, 63 Mich. 614, 30 N. W. 206; Levi v. Groves, 3 Ohio L. J. 569, 7 Ohio Dec. Reprint, 508; 6 Enc. Ev. 529; Barney v. Leeds, 54 N. H. 128; Globe Phosphate Co. v. Pinson, 52 S. C. 185, 29 S. E. 549.

We have carefully read the cases cited by counsel for respondent. The statement in 13 Enc. Ev. 567, that "the value at the time of asserting the right to hold it as exempt or at the time of trial may be shown," is based entirely upon the case of Roden v. Brown, 103 Ala. 324, 15 So. 598. That case, however, was a direct contest of the claim for exemptions, the notice of the contest of the claim being "accepted by the attorneys of the debtor." It does not appear that any appraisement had been had, or that any appraisement was provided for by the statutes of Alabama. In the case of Lynd v. Picket, 7 Minn. 184, Gil. 128, 82 Am. Dec. 79, the action was brought for an illegal levy on property especially declared by the statute to be exempt, and no question of appraisement or value as a basis to the right of exemption was involved. I do not at all see the applicability of 6 Enc. Ev. 558.

The other cases cited by counsel for respondent do not relate to claims for exemptions, but to levies by attachment merely, and where no such right was claimed or involved, and it must readily be seen that the situations are entirely dissimilar. In the case of an attachment, where no claim for exemptions is made, the appraisal is merely directed to be made for purposes of good faith and to prevent an excessive levy. The owner is not the moving party in such proceedings, nor does even the creditor base any right to the goods or to the lien on the fact of the appraisement or on their value. Section 7546 of the Compiled Laws of 1913, which relates to attachments, provides for an

inventory by the sheriff alone, and not by any board of appraisers which is appointed by both parties.

In the case of a claim for exemptions, the case is very different. The law, out of its grace and bounty, reserves to the debtor certain property to a certain amount, provided that the provisions of the statutes are complied with. The appraisers are appointed by both parties and represent both parties. While in the case of a mere attachment the debtor relies on his right to the property not necessary to the securing of the debt as a natural and fundamental right, in the case of a claim for exemptions, the constitutional provision is not self-executing, and his rights are only such as the statutes allow.

Since there is nothing to show how much of the verdict was for exemplary damages, and how much was based on the value of the goods, I am of the opinion that the admission of the evidence was prejudicial, and that the judgment should be reversed and a new trial be had.