## BRUMMAGE v. KENWORTHY.

No. 720.    Opinion Filed November 16, 1910.

EXEMPTIONS—Printer's Machinery—"Apparatus." A paper cutter weighing six hundred eighty-five pounds, and a card cutter weighing from three to eight pounds, both being machinery operated by hand, belonging to, used, and necessary in conducting the business of a printer, the head of a family residing in the state, are exempt under subdivision 5, of section 3346, Comp. Laws of Okla. 1909, providing that there "shall be reserved to every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, * * * Fifth, all tools, apparatus, and books belonging to and used in any trade or profession."

(Syllabus by the Court.)

*Error from Logan County Court; J. C. Strang, Judge.*

Replevin by William Kenworthy against Ben Brummage. .Judgment for plaintiff, and defendant brings error. Affirmed.

· *H. C. Olds,* for plaintiff in error.—Citing: *Nelson v. Fightmaster,* 4 Okla. 213; *Seeley v. Gwilliam,* 40 Conn. 106; *Henry v. Sheldon,* 35 Vt. 427; *Kilburn v. Demming,* 21 Am. Dec. .543.

*Devereux & Hildreth,* for defendant in error.—Citing *Bliss v. Vedder,* 34 Kan. 57, and *Green v. Raymond,* 58 Tex. 80.

DUNN, C. J.. This case presents error from the county court of Logan county, where it was tried on appeal from a judgment rendered on a trial before a justice of the peace. The trial was had upon an agreed statement of facts and the primary question presented to us for our consideration is whether the follow-

ing statute, section 3346, Comp. Laws of Okla. 1909, which provides:

"The following property shall be reserved to every family residing in the state exempt from attachment or execution, and every other species of forced sale for the payment of debts, * * * Fifth, all tools, apparatus and books belong to and used in any trade or profession."

—exempts to the plaintiff one paper cutter, weighing six hundred eighty-five pounds, one card cutter weighing from three to eight pounds, both of said machines being operated by hand, under the agreed statement of facts which show that at the time the property was taken and sought to be sold by forced sale for the payment of his debts

"The plaintiff was the head of a family; that he runs a printing house in Guthrie, Oklahoma, in a room twenty-five by one hundred feet in size on Harrison avenue in said city; that he had an equipment consisting of one cylinder press, one job press, one small electric motor, type, and paper cutter, one card cutter, stock, etc.; that the goods taken by the constable were necessary to the conducting of said printing house; that the plaintiff is a practical printer, and a member of the typographical union, works at his trade therein himself, and employs printers and pressmen to to assist him when needed; that he derives his principal support for himself and family from the proceeds of his printing house; that he is the owner of 160 acres of land in Logan county, Oklahoma, which has a mortgage on it of $1,700.00; that he purchases raw material from wholesale houses and manufactures the same into finished products on orders from his customers, such as briefs for lawyers, letter heads, bill heads, note heads, cards, and all work done by printing houses of like character; that the plaintiff kept in stock a few blanks and legal forms to sell to the public generally; that the tools of a journeyman printer are his stick, his rule, his pinchers, and knife."

From the foregoing agreed statement plaintiff was by the parties classed as a journeyman printer and it was agreed that the tools of one following that trade were the stick, rule, pinchers and knife.    Under this stipulation it is manifest that the article in question did not fall within the list made, and if this stipulation

were deemed by the parties to be a limitation upon our considering anything else than these exempt to the plaintiff, there not only is no controversy presented to this court, but there was none presented to the lower court, and hence would be tantamount to an agreement that the articles in question were not exempt but were subject to the levy and sale. Such a conclusion would be inadmissible as absurd, and the question therefore arises, if the machinery mentioned does not fall within the scope of being properly denominated "tools," will it come within the range of the term "apparatus," as applied to one following the occupation and situated as was plaintiff?

The language of the statute of Texas, Sayles' Civil Statutes, art. 2335, in reference to exemptions under this class, is practically identical with our own, and provides that "all tools, apparatus and books belonging to any trade or profession" are exempt from forced sale. Considering the word "apparatus," in the case of *Willis & Bro. et al. v. Morris et al.*, 66 Tex. 628, the Supreme Court of that state said:

"The word 'apparatus' used in the statute may take a wider range and embrace such minor machinery as may be operated by hand, and such as courts of high authority have held not to be included under the term 'tools' as used in similar enactment."

And in considering the same language, in the case of *Green et al. v. Raymond et al.*, 58 Tex. 80, the Supreme Court said:

"The settled policy has ever been to make liberal exemptions of property from forced sale in this state. That liberality has been extended from time to time, until today Texas in this particular, surpasses all the other states of the American Union. The wonderful improvement and progress of the past few years attest the wisdom of that policy, which, if continued, will in after years be demonstrated by a commonwealth composed not only of prosperous, free and independent, but also of solvent citizens. It has not been the policy of the judicial department to restrict this liberalizing tendency of the law-making power by a strict construction of these laws; on the contrary, they have been liberally construed with a view to effect their objects and to promote justice.' The terms

Vol. 27—28.

used, and especially the word 'apparatus,' is strikingly apt, a generic term of the most comprehensive signification. The trade or profession of Raymond was that of editor and publisher of a weekly newspaper. What tools and apparatus belong to that trade or profession? It is the printing press, type, cases, etc., and not alone the pair of scissors, bottle of ink, and goose-quill pen of the editorial department. The apparatus belonging to the trade of a publisher must of necessity include the press, type, cases, etc., which are essential to the conducting of that business. The blacksmith could as well dispense with his anvil and hammer, the shoemaker with his awl and last, the farmer with his plow and hoe, as could the publisher dispense with his press, type and cases; and yet all of these are exempt as belonging to these respective trades. So, in our opinion, are the press, type, cases, etc., of the publisher exempt as belonging to his trade."

And in the consideration of a case very similar to the facts in the one at bar, wherein the articles involved were one Peerless Printing Press, one Climax Paper Cutter, and one Columbia Printing Press, the Court of Civil Appeals of Texas, in the case of *St. Louis Type Foundry v. Taylor* (Tex. Civ. App.) 35 S. W. 691, said:

" 'All tools, apparatus and books belonging to any trade or profession' are exempt by law from forced sale. Sayles' Civ. St., art. 2335. If Beard, the original owner of the property, was by trade a job printer, and the articles of property in question were used as necessary or appropriate tools or apparatus for his business, as alleged by claimant, the property is exempt from forced sale."

In connection with this same subject, see, also, Waples on Homestead and Exemption, ch. 25, sec. 6, p. 802; *Betz v. Maier*, 12 Tex. Civ. App. 219; *Smith v. Horton*, 19 Tex. Civ. App. 28; *Sallee v. Waters*, 17 Ala. 482; *Bliss v. Vedder*, 34 Kan. 57.

The statute of Kansas on this subject exempts "the necessary tools and implements of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business." It will be noted that the word used in the Kansas statute is "implements," while that of our own statute is "apparatus." Webster defines "apparatus" to be "a full collection or set of implements, or

utensils, for a given duty." Hence, "apparatus" is a broader term than "implement," and would include within its scope more than would be implied by "implement."

In the case last cited, *Bliss v. Vedder,* the Supreme Court of Kansas, under facts somewhat similar to those in the case at bar, held:

"Where the owner of a printing press and printing materials resides in Kansas, is a married man and the head of a family, and uses such printing press and printing materials for the purpose of editing and publishing a newspaper, and they are necessary therefor; and the editing and publishing of such newspaper is his principal business, and the business from which he derives his principal support; and in editing and publishing such newspaper he personally arranges the matter and forms therefor, and performs such other work as is usually performed by the foreman of a weekly newspaper; but, not being a practical printer, the most of the work is done through the agency of employees; and he is a partner in two other kinds of business, and is also a justice of the peace: *held,* that the property is nevertheless exempt from execution, although it is not exclusively used by the owner in person, and although he may have an interest in other kinds of business."

It will be noted that the "implements" or "apparatus" involved in the case at bar were both operated by hand and that they were necessary to the conduct of the business in which plaintiff was engaged. Under these circumstances, they were exempt to plaintiff.

In thus holding we have determined the controversy on its merits. We have not, however, overlooked the questions of practice which counsel present, and have given them due consideration, but, in our judgment, under the agreed statement of facts they are without merit.

The judgment of the trial court is accordingly affirmed.

HAYES, KANE, and TURNER, JJ., concur; WILLIAMS, J., not participating.