## SMITH v. ROADS.

No. 1098.  Opinion Filed November 14, 1911.

(119 Pac. 627.)

1. **EXEMPTIONS—Tools—Turning Lathe.**  A turning lathe weighing six hundred pounds, being a machine operated both by foot and engine power, belonging to, used by, and necessary in conducting the business of, a machinist in his repair shop, he being the head of a family and residing in the state, is exempt, under subdivision 5 of sec. 3346, Comp. Laws Okla. 1909, providing that there ''shall be reserved to every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts. * * * Fifth, all tools, apparatus and books belonging to and used in any trade or profession.''

2. **APPEAL AND ERROR—Harmless Error—Failure to State Separately Conclusions of Fact and of Law.**  Where the evidence is undisputed and merely a question of law is presented thereby, refusal of the trial court on request to state in writing its conclusions of fact found separately from its conclusions of law, if erroneous, is without injury, and a judgment rendered thereon will not be reversed on account of such refusal.

(Syllabus by the Court.)

*Error from District Court, Caddo County; G. A. Brown, Judge.*

Action by Orange Roads against Bert R. Smith, constable. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. H. Carswell,* for plaintiff in error.

*Randall U. Livesay,* for defendant in error.

DUNN, J.  This case presents error from the district court of Caddo county.  The defendant in error, as plaintiff, began a replevin action in a justice court against the plaintiff in error, who was a constable.  In his bill of particulars plaintiff claimed that he was a machinist and the owner of a certain turning lathe on which an execution had been levied and which he claimed was not subject thereto, being exempt.  After trial in the justice court the case was appealed to the district court, where judgment was rendered in favor of the plaintiff, and the defendant has brought the action to this court for review.

Counsel for defendant states in his brief that the only ques-

tion involved in the trial of the case was whether the machine was exempt to plaintiff as a tool.   Plaintiff testified that he was a machinist and could not successfully conduct his business without the use of this lathe; that when he first used it he operated it by foot power, but he afterwards rigged up a counter-shaft with his wife's washing machine and ran both with a gasoline engine of about one-half horsepower; that the lathe weighed about six hundred pounds.   The evidence disclosed that Roads was a machinist by trade, and conducted a repair shop, and had occasion to use the lathe practically every day, and was without any other tool or apparatus that would take its place.   Another witness, Linzee, was called by defendant in error and testified that he had followed the trade of a machinist for twenty-two years; that he was acquainted with the use of turning lathes and that they were common, ordinary, and essential tools to a machinist in a repair shop; that he was acquainted with the approximate value of this lathe, which was about $100.   Witness Pierson testified that he had followed the trade of machinist for thirty years, was acquainted with the use of turning lathes, and that a turning lathe was one of the essential and indispensable tools of a machinist to be used in a repair shop.   All of this evidence appears to have been undisputed and, in our judgment, brought the lathe in question within the protection of the 5th subdivision of sec. 3346, Comp. Laws Okla. 1909, reserving to every family residing in the state "all tools, apparatus and books belonging to and used in any trade or profession."

The question raised is virtually determined in this state by the case of *Brumage v. Kenworthy*, 27 Okla. 431, 112 Pac. 984. In that case this court held that a paper cutter weighing six-hundred eighty-five pounds, which was operated by hand and which belonged to and was used and necessary in conducting the business of a printer, was exempt.   The plaintiff in this case established that, in his trade as a machinist and running a repair shop, the tool or apparatus in question was one of the ordinary and essential tools to him, and that he used it every working day. The fact that he may have found it more convenient to attach the

same to the engine which operated his wife's washing machine, in our judgment, will not deprive him of the protection which this statute affords. Other authorities supporting this conclusion may be noted in the cases cited in 18 Cyc. 1418, 1419. See, also, Waples on Homestead & Exemption (1893) p. 801; *Wood v. Bresnahan,* 63 Mich. 614, 30 N. W. 206.

Counsel contends that the court erred in its failure for refusal to state in writing its conclusions of fact separately from the conclusions of law to which it arrived; the statute upon which counsel relies is paragraph 4477, sec. 279 of art. 15, ch. 66, Wilson's Rev. & Ann. Stat. Okla. 1903 (sec. 5809, Comp. Laws Okla. 1909), which reads as follows:

"Upon the trial of questions of fact by the court it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law."

As we have heretofore stated, the evidence in this case was undisputed. After both parties had submitted their testimony, there was no difference between them on the material facts involved, and while it is held (*Rogers et al. v. Bonnett et al.,* 2 Okla. 553, 37 Pac. 1078) that the refusal of a court to state in writing its findings of fact and conclusions of law upon them, when requested to do so by either party before judgment, is reversible error, this rule does not apply in cases where the facts are submitted in the pleadings, stipulated by the parties, or where a case is submitted on an agreed statement of facts. 8 Ency. Pleading & Practice, 936, 937; *Frush v. City of East Portland,* 6 Ore. 281; *McMenomy v. White et al.,* 115 Cal. 339, 47 Pac. 357.

Hence, in the case at bar, where the evidence offered is without dispute, the failure or refusal of the court to state its conclusions of fact found separately from its conclusions of law, if technically error, in our judgment was without injury.

There is, as stated by counsel for defendant, virtually but one question in this case, which is determined by the conclusion

to which we have come on the matter of the exemption of the turning lathe. The other propositions mooted by counsel are without merit, and the judgment of the trial court is accordingly affirmed.

All the Justices concur.