## HOYT, *Sheriff*, v. PULLMAN.

No. 5493.    Opinion Filed October 12, 1915.

(152 Pac. 386.)

1.  **EXEMPTIONS—"Trade"—Butchering.** The art of butchering animals and preparing and cutting the carcasses into suitable portions for the retail trade, and for the convenient uses of the household, is a "trade," within the purview and meaning of subdivision 5 of section 3342, Rev. Laws 1910, relating to exemptions.

2.  **SAME—Property Subject—"Tools and Apparatus."** Knives, saws, meat blocks, meat racks, scales, pans, a sausage mill. an ice box, etc., when necessarily used in the conduct of a butcher shop by the owner thereof, who is the head of a family and a resident of this state, and who is a practical and skilled butcher, pursuing that trade or calling for a livelihood, are exempt as "tools and apparatus" of the butcher's trade, under the laws of this state.

3.  **EXEMPTIONS—Construction of Statutes..** Exemption laws should always receive a liberal construction.

(Syllabus by Brewer, C.)

*Error from County Court, Payne County;*
*W. H. Wilcox, Judge.*

Action by George Pullman against T. J. Hoyt, as Sheriff of Payne County. Judgment for plaintiff, and defendant brings error. Affirmed.

*Chester H. Lowry,* for plaintiff in error.

Opinion by BREWER, C. Defendant in error, George Pullman, brought this suit in replevin as plaintiff in the court below against T. J. Hoyt, sheriff of Payne county, to recover certain articles of personal property taken by said sheriff under a writ of execution, upon the claim and theory that said articles were exempt to plaintiff as tools or apparatus used by him in the exercise of his trade as a butcher. At a trial of the case certain articles replevied,

and which will hereafter be mentioned in detail, were allowed plaintiff as articles exempt to him under the law. To reverse this judgment is the purpose of this appeal.

We quote the following excerpt from plaintiff in error's brief:

"Stipulated Facts.—The judgment in district court against George Pullman was valid and unsatisfied at the time of issuance of execution; that execution was in legal form and legally levied upon the property of George Pullman, judgment debtor; that the defendant below, plaintiff in error here, held said property under the writ of execution; that the property is correctly inventoried and valued in the appraisement upon such levy; that plaintiff below, George Pullman, defendant in error here, was at the time of the levy a resident of Payne county, was a butcher by trade or profession, had no other business or profession, was the head of a family dependent upon him, within the meaning of the exemption laws. Plaintiff in error here concedes that there is no sufficient evidence of abandonment of the trade or profession by George Pullman."

The following articles of property were allowed plaintiff as exempt, and are involved here: One counter scale; one marble top side counter; one marble top meat counter; one meat rack and hooks; one fish box; three cutting blocks; one wall clock; one-half barrel pickles; one 15-gallon keg; one 20-gallon jar; two bundles trays; one lard can; one electric sausage mill; one platform scale; one lard press; one wood bowl; one lard kettle and stove; one table; two sausage trays; two dishpans.

The only questions presented here are: (1) Is the art of butchering or cutting meats a trade; and (2) if so, are the articles allowed plaintiff exempt as tools and apparatus to be used in such trade, within the contempla-

tion of the law?   A determination of these questions requires the construction of section 3342, Rev. Laws 1910, which provides:

"The following property shall be reserved to the head of every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided:   *   *   *

"Fifth.   All tools, apparatus and books belonging to and used in any trade or profession."

The evidence shows that Pullman is a butcher, and has been engaged in this business of butchering and cutting meats for the retail trade for a period of more than 20 years; that it is and has been his occupation. The evidence also shows that the various items of personal property are necessary items for regular and constant use in carrying on the trade of a butcher.   Each of the various items mentioned is discussed, and its necessity and uses in connection with the exercise of the trade of a butcher fully explained.

1.   It is our opinion that in conducting a butcher shop as Pullman did his business should be regarded as a trade, within the meaning of the statute before us.   To properly butcher, prepare, and cut for use the carcasses of animals requires both mechanical skill and experience. The art of properly preparing and cutting meats has to be learned, and requires, perhaps, as much study and development of as fine a skill as is required in many of the other trades.  The mere fact that he sells and disposes of the products of his work does not militate against or destroy the character of his business.   We therefore hold that when engaged in the butchering business as Pullman was, as shown in this case, he was in the exercise of a

trade. *Hammond v. McFarland* (Tex. Civ. App.) 161 S. W. 47.

We are not unmindful of the fact that there might be many cases where the tools and apparatus owned by a man running a butcher shop would not be exempt; such, for instance, as a man unfamiliar with the cutting of meats, who had never practiced such calling as a trade, but merely had a butcher shop installed as an incident of his mercantile business. Such articles depend as to their exempt character upon whether they are owned and used by the owner in the exercise by him of his trade in actually butchering and cutting meats as a means of making and earning a livelihood for himself and family; and, when so owned and used, such tools and apparatus are necessary for the safe, proper, and efficient exercise of his calling and come properly within the class of articles exempted under the statute from seizure and forced sale.

This view would take out of the list of exempt articles goods necessarily on hand for sale, and apparatus and appliances only useful in carrying on the mercantile end of the business. In the case we have cited above the Texas court held that a cash register was not a tool or apparatus necessary in the exercise of the trade of a butcher. With the holding we find no fault; but in the same case it was held that an ice box or refrigerator likewise was not exempt. With this holding we do not agree, for we consider than an ice box ought properly to be classed, especially in a warm climate such as this, as a necessary apparatus or equipment in the exercise of this trade. Especially is this view justified, under the very liberal rules of construction applied by nearly all the courts of this country, when construing such highly remedial stat-

utes as this. This court has uniformly applied the rule of a liberal construction.

We note, among cases analogous and somewhat in point by this court, that of *Brummage v. Kenworthy*, 27 Okla. 431, 112 Pac. 984, Ann. Cas. 1912C, 607, in which a paper cutter, weighing 685 pounds and a card cutter, both being machinery operated by hand, belonging to and used in conducting the business of a printer who was the head of a family residing in the state, were held to be exempt. A number of authorities are collected and set out in that opinion.

In *Smith v. Roads*, 29 Okla. 815, 119 Pac. 627, a turning lathe, weighing 600 pounds, being a machine operated both by foot and engine power belonging to and used necessarily in conducting the business of a machinist in his repair shop, he being the head of a family and residing in the state, was likewise held to be exempt to him under the statute in question. The numerous other decisions of this court on the question of exemptions would throw no special light on the clause of the statute involved, and will not be collected and set out here.

Upon consultation with the court and the commissioner who wrote the opinion in *Edgin v. Bell-Wayland Co.* (not yet officially published) 149 Pac. 1145, that case, in so far as it conflicts with the present holding, is overruled.

2. It remains to consider only whether the articles exempted in this case are such articles as were used and were necessary to be used in the conduct of the butcher trade. While it may be true that it would be hard to show by reason that some few of the articles were absolutely necessary in the exercise of this calling, yet, upon the whole, practically all of them were

so necessary; and we shall resolve any doubt as to some of the minor items in favor of the exemption, as we believe it our duty to do.

Upon the whole, there was no error in the finding and judgment of the court below, and the case should be affirmed.

By the Court: It is so ordered.