## FIRST STATE BANK v. PULLIAM.

No. 15534—Opinion Filed Sept. 15, 1925.

1. **Exemptions — Tools and Apparatus of Trade—Car Used by Veterinary and Oil Scout Not Exempt.**

Section 6595, Comp. St. 1921, provides that all tools, apparatus, and books, belonging to and used in any trade or profession, "being the property of a householder and head of a family, shall be exempt from attachment, execution," etc. Held, a Ford car used by a "veterinary" and "oil scout" is not within purview of the statute.

2. **Same—Erroneous Dissolution of Attachment.**

Section 6604, Comp. Okla. St. 1921, provides automobiles and other motor vehicles shall not be exempt from attachment, execution, and other forced sale. Held, it was error in the court to sustain a motion to dissolve an attachment levied upon a Ford car upon the ground that the same was a tool or apparatus belonging to and used in the trade or "profession" of "veterinary" or "oil scout."

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Lincoln County; S. A. Cordell, Judge.

The First State Bank of Perkins brought its action against E. O. Pulliam on promissory note, and attached a Ford car. Defendant moved to dissolve the attachment on the ground that the property was exempt. Motion sustained, attachment dissolved, and plaintiff appeals. Reversed and remanded.

Roscoe Cox, for plaintiff in error.

Erwin & Erwin, for defendant in error.

Opinion by RUTH, C. Plaintiff and defendant occupy the same relative positions in this court as they did in the trial court, and will be so designated in this opinion.

Plaintiff declared on a promissory note executed by defendant, that the same was overdue and unpaid, etc., and prays judgment. Plaintiff made affidavit for attachment on statutory grounds. Bond was given and approved, attachment ordered issued, and sheriff levied the same on one Ford car. Defendant filed his motion to dissolve the attachment, alleging "the Ford car is exempt and free from all attachment." The court sustained the motion and dissolved the attachment, and plaintiff appeals. Defend-

ant moved to dismiss the appeal, which motion was considered by this court, and dismissal was denied.

The only reason assigned at the hearing and in the brief for claiming the car is exempt is the fact that defendant is a "veterinary" and "oil scout," and it is necessary for him to use the car in his business, and he is the head of a family.

Defendant cites section 6595, Comp. St. 1921, wherein is exempted "All tools, apparatus and books belonging to and used in any trade or profession"; further, citations from Kansas cases are in his brief. He also cites Smith, Constable, v. Roads, 29 Okla. 815, 119 Pac. 627, where this court held a turning lathe, weighing 600 pounds, being a machine operated by both foot and engine power, belonging to, used and necessary in conducting the business of a machinist in his repair shop, was exempt. He also cites Brummage v. Kenworthy, 27 Okla. 431, 112 Pac. 984, in which this court held exempt a paper cutter, weighing 685 pounds and a card cutter weighing from 3 to 8 pounds, both being machinery operated by hand, belonging to and necessary in conducting the business of printer. These opinions are not in conflict with the statutes of this nor in conflict with the Constitution of this state, and the fact remains that the Legislature may exempt any property from attachment, or subject any property to attachment, so long as the act of the Legislature is not in conflict with the Constitution of the state.

The Legislature has seen fit to legislate upon the question of exemption of automobiles (including Ford cars by necessary implication), and by an Act of the Legislature, Sess. Laws 1913, p. 9, section 1, effective June 16, 1913, section 6604, Comp. St. 1921, it is specifically provided that:

"Automobiles and other motor vehicles shall not be exempt from attachment, execution and other forced sale."

It is not contended that a Ford car is a "tool," and we have never heard it called a "tool", although we confess to having heard it called everything else within the range of the English language and several foreign languages. If exemptions could ever have been claimed for it under section 6595, Comp. St. 1921, and prior to the Act of 1913, it would have to fall within the term "apparatus," and all lexicographers define "apparatus" as:

"An outfit of tools, utensils, or instruments adopted to the accomplishment of any branch of work, or for the performance of

an experiment, or operation; a set of such appliances; a group or set of organs concerned in the performance of a single function."

While a Ford car may emit as great a volume of sound as a steam piano or circus calliope, we are not prepared to say it is a set of organs, and therefore not within the protection of the statute exempting "apparatus" from attachment and execution, and the Legislature having specifically provided that this character of vehicle shall not be exempt from attachment, the court erred in sustaining the motion to dissolve the attachment for the reasons therein stated, and the judgment of the trial court should be reversed and this cause remanded, with directions to the trial court to overrule the motion, and to sustain the attachment.

By the Court: It is so ordered.

Note.—See under (1) 25 C. J. p. 58, § 92; anno. 49 L. R. A. (N. S.) 691; 2 A. L. R. 826; 11 R. C. L. p. 514; 2 R. C. L. Supp. p. 1266. (2) 25 C. J. p. 58, § 92 (Anno).