DAVIS, Adm'r, et al. v. WRIGHT et al.

No. 31492. Oct. 31, 1944.

*152 P. 2d 921.*

Crawford W. Cameron and C. C. Wilkins, both of Marietta, for plaintiffs in error.

J. W. Dixon, of Marietta, for defendants in error.

PER CURIAM. The issue which this appeal presents for determination is whether a farm tractor and accessories is to be classified as an implement of husbandry, and therefore exempt property to be set aside to the widow and minor children of the deceased head of a family residing in this state or as a motor vehicle, which is expressly declared to be nonexempt.

The facts involved are not in dispute. W. F. Wright, a resident of Love county and the head of a family, departed this life intestate leaving as his surviving heirs at law his widow, Axie Wright, two minor children, Kenneth Earl Wright and Prentis Gayle Wright, and the adult children of a predeceased wife and several grandchildren, the children of a deceased daughter of said predeceased wife.

J. D. Davis was duly appointed administrator of the estate of the said W. F. Wright, deceased, which estate consisted of approximately 400 acres of land and a considerable amount of personal property, including two farm tractors with equipment. The administrator filed a petition for authority to sell the personal property belonging to the estate. The widow, Axie Wright, opposed said petition and petitioned the court to set aside the homestead and all of the personal property, including one Alis Chalmers farm tractor and two-row cultivator which had been manufactured for use with said tractor, to herself and her minor children as exempt property. The county court granted the petition of the said Axie Wright except insofar as the Allis Chalmers farm tractor and cultivator are concerned, and denied the petition as to said articles for the reason that they did not constitute exempt property. Appeal was prosecuted to the district court upon the issue of law involved. The district court reversed the county court and directed that the tractor and cultivator be set aside to the widow and minor children, and the administrator and heirs at law of the deceased by his first wife have perfected this appeal.

As grounds for reversal plaintiffs in error contend that the tractor involved is a motor vehicle, and as such is expressly declared to be nonexempt by 31 O. S. 1941 § 8, and therefore was not such property as the widow and minor children were entitled to have set apart to them under the provisions of 58 O. S. 1941 §§ 311 and 312.

58 O. S. 1941 § 312 provides that:

". . . there shall also be allowed and set apart to the surviving wife or husband, or the minor child or children of the decedent, all such personal property or money as is exempt by law from levy

and sale on execution or other final process from any court, to be, with the homestead, possessed and used by them; . . ."

And that such property shall not be liable for any prior debts or claims against the decedent, with certain exceptions not here material.

31 O. S. 1941 § 1 provides:

"The following property shall be reserved to the head of every family residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts except as hereinafter provided. . . .

"(4) All implements of husbandry used upon the homestead."

31 O. S. 1941 § 8 provides:

"Automobiles and other motor vehicles shall not be exempt from attachment, execution and other forced sale."

Plaintiffs in error argue that the last-quoted statutory provision is mandatory and controlling in the case at bar. The basis of the contention so made is that a tractor is a motor vehicle. As supporting this contention our attention is directed to 47 O. S. 1941 §§ 22.1, 22.3, and 23.1 and 68 O. S. 1941 § 49. An examination of the cited statutes will reveal that they do not sustain the position of the plaintiffs in error. On the contrary, a careful reading of the language therein will disclose that the definition of a motor vehicle is intended to apply to those used for transportation of persons or goods and not those designed and used as implements of husbandry, and that 68 O. S. 1941 § 49 expressly defines a farm tractor as follows:

"The term 'farm tractor' as used herein is hereby defined to be any motor vehicle of tractor type designed and used primarly as a farm implement for drawing plows, listers, mowing machines, harvesters, and other implements of husbandry on a farm, or any motor vehicle of tractor type used for the purpose of hauling farm products, by the producer thereof, from farm to farm, or from farm to market; provided no tractor shall be designated a farm tractor unless it is used in whole or in part by the owner thereof upon, or in

connection with, a farm owned, leased or operated by such tractor owner."

This court is committed to the rule that statutes exempting property from forced sale for the payment of debts are to be given a reasonable construction to effect their intent and purpose, and in case of doubt the doubt is to be resolved in favor of the exemption. See In re Allen's Guardianship, 182 Okla. 512, 78 P. 2d 700; State ex rel. Lankford v. Collins, 70 Okla. 323, 174 P. 568, 6 A.L.R. 603; Field v. Goat, 70 Okla. 113, 173 P. 364, 1 A.L.R. 478; Phelan v. Lacey, 51 Okla. 393, 151 P. 1070, L.R.A. 1916B, 786; Hoyt v. Pullman, 51 Okla. 717, 152 P. 386, L.R.A. 1916B, 1288; Anderson v. Canaday, 37 Okla. 171, Ann. Cas. 1915B, 714; Nelson v. Fightmaster, 4 Okla. 38, 44 P. 213.

The tractor here involved by definition, supra, is an implement of husbandry and not a motor vehicle as contemplated by 31 O. S. 1941 § 8, or as defined by 47 O. S. 1941 §§ 22.1 and 23.1, and consequently constituted exempt property to which the widow and minor children were entitled by virtue of the provisions of 58 O. S. 1941 § 312 and 31 O. S. 1941 § 1, subd. 4. See, also, In re Slade's Estate, 122 Cal. 434, 55 P. 158, and cases cited under annotations 52 A.L.R. 826 and 2 A.L.R. 818.

The district court having decided the issue of law involved correctly, it follows its judgment should be, and the same is, in all respects affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, HURST, and ARNOLD, JJ., concur.