Wade and Virginia E. ROBISON,
Appellants,

v.

Jeff G. RAY, P. E., Director Community
Development Department, Appellee.

No. 53748.

Supreme Court of Oklahoma.

Nov. 17, 1981.

Shirk, Work, Robinson & Williams by John M. Williams and Mark D. Mitchell, Oklahoma City, for appellants.

Walter M. Powell, Municipal Counselor, Dennis R. Box, Asst. Municipal Counselor, Oklahoma City, for appellee.

BARNES, Vice Chief Justice:

Wade and Virginia Robison, Appellants herein, operate a garage for minor automobile repair in an "A" Single Family Dwelling District. The Appellants were cited by Appellee for conducting automobile repair in contravention of the "A" Single Family Dwelling District regulations of the City of Oklahoma City.

The Appellants appealed this determination to the Oklahoma City Board of Adjustment, contending that they could operate a garage for minor automobile repair as a home occupation in the "A" Single Family District. The Board of Adjustment found that the Appellants' operation of a garage for minor automobile repair did not meet the requirements of the Home Occupation Ordinance. The Appellants appealed to the District Court for a trial de novo.

A motion for summary judgment was filed on behalf of Appellee and was sustained by the trial court, and the Appellants then perfected this appeal.

The sole question presented is whether a person can operate the business of a garage for minor automobile repair as a home occupation in the "A" Single Family Dwelling District.

Oklahoma City Code, 25–36—"A" Single Family District, allows the following uses:

"Section 25–56. USE regulations.

"A building or premises in the "A" Single Family Dwelling District shall be used only for the following purposes:

"(a) Single family dwelling.

"(b) A church.

"(c) A public school, elementary or high, . . .

"(d) Golf course . . .

"(e) Truck gardening, but not the raising of livestock.

"(f) Accessory buildings . . .

"(g) Home occupation or professional office of one who lives in the main building and where no identification name plate exceeding four (4) square feet is used in connection with the profession or occupation, subject to the provisions of Chapter 3, Article III.

"(h) Temporary buildings for uses incidental to construction work, which buildings shall be removed upon the completion or abandonment of the construction work.

"(i) Directional and informational signs . . .

"(j) Mobile homes as a special exception . . ."

As can be seen, a garage for minor automobile repair is not specifically mentioned as one of the permitted uses within the "A" Single Family Dwelling District. A garage for repair of automobiles is a permitted use in the "G" Restricted Light Industry District.[1] However, since home occupation is specifically mentioned as a permitted use, we must determine whether a garage for repair of automobiles is allowed as a home occupation.

A home occupation is defined in Chapter 25, Section 25–1, of the Oklahoma City Code 1970, as follows:

"(23) Home occupation shall mean any occupation or profession carried on by a member of a family residing on the premises and in connection with which there is used no sign other than one (1) non-illu-

minated name plate attached to the building entrance which is not more than four (4) square feet in an area, provided:

"(A) That no business such as a shop, store or child nursery is conducted upon the premises;

"(B) That no material or equipment is stored outside the confines of the home;

"(C) That no person is employed other than a member of the immediate family residing on the premises;

"(D) That no mechanical equipment is used which creates a disturbance such as noise, dust, odor or electrical disturbance; and

"(E) That the home shall not be altered to attract business."

R. Anderson, in Vol. 2, American Law of Zoning, § 10.02, 1968, discussed the approach ordinances take in regard to home occupation:

"Two themes recur in the ordinances as well as the judicial opinions. A home occupation will be permitted in a residential district only if it is customarily incidental to the use of the premises as a dwelling, and such a use will be allowed only if it is subordinate to the residential use of the property. These elements of use are so closely related that they are frequently discussed as one.

"The requirement that a home occupation be customarily incidental to use of the premises as a dwelling is not satisfied when the activity in issue is usually carried on as a commercial venture, separate and apart from the home of the proprietor."

Section 25–1(23)(A) states that a home occupation does not include a "business such as a shop, store or child nursery." A shop is defined in Black's Law Dictionary, 1547 (Rev. 4th Ed. 1968), as follows:

1. "Section 25–116. "G" Restricted Light Industry District Regulations.

"The regulations set forth in this division or elsewhere in this chapter when referred to in this division are the 'G' Restricted Light Industry District Regulations.
"Section 25–117. USE Regulations.
"A building or premises shall be used only for the following purposes; provided, however,

that no article or material shall be kept, stored, or displayed outside the confines of the building unless it be so screened by fences, walls, or planting that it cannot be seen from a public street: . . .
"(2) Automobile sales, accessories, and repair. . . ."

"Shop. A building in which goods and merchandise are sold at retail, *or where mechanics work*, and sometimes keep their products for sale." [Emphasis added]

In *State v. Hanlon*, 32 Or. 95, 48 P. 353 (1897), the defendant was convicted of the crime of larceny in a shop. The defendant had stolen a watch therefrom. The defendant's counsel argued that a shop was an establishment where goods were sold, and since this establishment did not sell goods, the defendant could not be convicted of larceny in a shop. The court, in rejecting the defendant's position, said:

"The statute under which the defendant was indicted is as follows: 'If any person shall commit the crime of larceny in any dwelling-house, banking-house, office, store, shop, or warehouse, . . . such person, upon conviction thereof, shall be punished.' etc. Hill's Ann.Laws Or. § 1764. A shop is defined to be a 'building in which goods, wares, or merchandise is sold at retail, or in which mechanics labor, and sometimes keep their manufactures for sale.' 22 Am. & Eng.Enc.Law, 778. In England the word 'shop' is understood to be a structure or room in which goods are kept and sold at retail. Bish.St.Crimes, § 295. In this country, however, such a building is usually called a 'store' and universally so in the Western and Pacific coast states, where a shop is understood to be a building in which an artisan carries on his business, or laborers, workmen, or mechanics, by the use of tools or machinery, manufacture, alter, or repair articles of trade."

 Appellants assert that the word "shop" means a "small retail store". To adopt this definition would render the word "store" in the ordinance meaningless. Statutes must be interpreted to render every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory.[2] The adverse effects of a retail store are prohibited by the simple prohibition against a store. In a similar manner, the problems in a residential neighborhood associated with automobile repair garages are likewise taken care of by the prohibition of shops.

 For the reasons above set forth, we hold that the operation of a garage for minor automobile repair constitutes a shop, and is, therefore, not authorized under the provisions of the home occupation ordinance in an "A" Single Family Dwelling District. The trial court's granting of Appellee's motion for summary judgment is affirmed.

AFFIRMED.

IRWIN, C. J., and HODGES, LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

---

**2.** *State ex rel Thompson v. Ekberg*, 613 P.2d 466 (Okl.1980).