**In re Dennis E. SIEGMANN and Elsie Siegmann, Debtors.**

**No. 69681.**

Supreme Court of Oklahoma.

May 17, 1988.

As Corrected May 18, 1988.

---

Johnston, Franklin & Hladik by Dennis W. Hladik and Edna Mae Kennedy, Enid, for debtors Dennis E. and Elsie Siegmann.

Elliott, Enabnit, Newby & Ezzell by J. David Ezzell, Enid, for creditor Northwest Bank of Enid.

Laura N. Pringle, General Counsel, Oklahoma City, for amicus curiae Oklahoma Bankers Ass'n.

LAVENDER, Justice:

The United States Bankruptcy Court for the Western District of Oklahoma has certified the following question to this Court pursuant to the Oklahoma Uniform Certification of Questions of Law Act: [1]

> Does the term "tools, apparatus ... used in any trade...." as used in Okla. Stat.Ann. tit. 31, § 1.A.6. (West Supp. 1987) include all types of equipment, regardless of size, source of power, mobility, value or mode of operation, needed by a person in pursuit of a trade?

Accompanying the question the bankruptcy court has certified the following findings of fact:

> The debtor owns a 1979 Ford tractor, a front end loader, a box blade, and a 6 x 14 flat bed trailer. This property is subject to a properly perfected non-purchase money security interest in favor of a creditor, Northwest Bank of Enid. The debtor has claimed this as exempt property pursuant to Okla.Stat.Ann. tit. 31, § 1.A.6. (West Supp 1987). If the property is exempt under Oklahoma law the debtor may be able to avoid the lien under 11 U.S.C. § 522(f).
>
> The debtor is a contractor and must use the tractor and related equipment to perform various tasks which are part of his duties. Thus, the tractor and related equipment are necessary to enable the debtor to pursue his trade.

---

1.  20 O.S.1981 §§ 1601 through 1612.

Consideration of the issue posed for determination by this Court must begin from the position clearly stated by the Court in the case of *Davis v. Wright:*[2]

This court is committed to the rule that statutes exempting property from forced sale for the payment of debts are to be given a reasonable construction to effect their intent and purpose and in case of doubt the doubt is to be resolved in favor of the exemption. See, *In re Allen's Guardianship*, 182 Okl. 512, 78 P.2d 700; *State ex rel. Lankford v. Collins*, 70 Okl. 323, 174 P. 568, 6 A.L.R. 603; *Field v. Goat*, 70 Okl. 113, 173 P. 364, 1 A.L.R. 478; *Phelan v. Lacey*, 51 Okl. 393, 151 P. 1070, L.R.A.1916B, 786; *Hoyt v. Pullman*, 51 Okl. 717, 152 P. 386, L.R.A. 1916B, 1288; *Anderson v. Canaday*, 37 Okl. 171, 131 P. 697, L.R.A.1915A, 1186, Ann.Cas.1915B, 714; *Nelson v. Fightmaster*, 4 Okl. 38, 44 P. 213.

The question as posed by the bankruptcy court calls for the interpretation of 31 O.S. Supp.1987 § 1(A)(6) which provides:

Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

. . . .

Tools, apparatus and books used in any trade or profession of such person or a dependent of such person;

Also, this Court is required to consider the effect of the limitation upon subsection 1(A)(6) which is imposed by 31 O.S.Supp. 1987 § 1(C) which provides:

In no event shall any property under paragraph 5 or 6 of subsection A of this section, the total value of which exceeds

Five Thousand Dollars ($5,000.00), of any person residing in this state be deemed exempt.

The intent and purpose of the statute in question is apparent on its face. The statute reflects an intent to insure that the items necessary to allow a person to continue to work to support himself are secured to that person exempt from seizure and sale. The statute reflects no limitation in terms of type of equipment, size, source of power, mobility or mode of operation in regard to the tools or apparatus which would come within the coverage of this limitation.

The bankruptcy court has requested guidance in this case reciting that there are no controlling decisions in Oklahoma case law. While this Court has not defined the scope of the "tools of the trade" exemption under our statute, we note that under the Kansas "tools of the trade" exemption the scope has been held to cover property reasonably necessary, convenient or suitable for the production of work.[3] Although there is a difference between the language used in the respective statutes,[4] we find the extent of the coverage as stated for the Kansas statute to be compatible with the intended scope of our own statute. If anything, as recognized in the case of *Brummage v. Kenworthy*,[5] the scope of the exemption under the Oklahoma statute is somewhat broader than the scope of the Kansas statute as a result of the use of the term "apparatus," which the Court found to be somewhat broader in coverage than the term "implements."

In its brief in connection with our consideration of the certified question, the creditor, Northwest Bank of Enid, has argued that the proper construction of the tools of the trade exemption should be narrow and, as the language of the exemption has not

---

**2.** 194 Okla. 451, 152 P.2d 921, 922 (Okla.1944).

**3.** *In re Frierson*, 15 B.R. 157 (D.Kan.Bkrtcy. 1981) and *In re Currie*, 34 B.R. 745 (D.Kan.1983) citing *Reeves & Co. v. Bascue*, 76 Kan. 333, 91 P. 77 (1907).

**4.** See 31 O.S.Supp.1987 § 1(A)(6) quoted in text supra, and compare with Kansas Gen.Stat.1901

§ 3018, subd. B, cited in *Reeves & Co. v. Bascue* as providing an exemption for:

"the necessary tools and implements of any mechanic, miner, or other person, used and kept in stock for the purpose of carrying on his trade or business and in addition thereto stock in trade not exceeding $400.00 in value."

**5.** 27 Okla. 431, 112 P. 984 (1910).

been materially changed in regard to the coverage since the beginning of the present century, should not be read to include property beyond the contemplation of those who first drafted the language. In regard to this latter argument we find the Supreme Court of Montana to have given an excellent response in the course of receding from a prior pronouncement which limited that State's tools of the trade exemption to tools and implements capable of being used by hand: [6]

But times have changed and we must leave *Bartol* to describe a simpler time with simpler tools and implements. Today a tool is still a powered or unpowered item designed to be used by mechanics or artisans to perform a task and is manageable in size and weight so that in its normal operation it can be maneuvered or used by the operator's physical strength alone without the aid of independent motive powers and it is liable to be more expensive and require more skill. The definition includes common hand tools and common powered hand tools such as drills, wrenches, saws, but also includes larger industrial items that may be mounted on a dolly or are pushed around on wheels or are stationary in normal operation such as table saws, lathes, and welders.

Implements include tools but also more. An implement is a powered or unpowered item designed to be used by a mechanic or artisan to perform a task. It may include an item that cannot be in its normal operation maneuvered by the operator's physical strength but must be used with the aid of independent motive powers.

The Montana Supreme Court went on to find that a backhoe and trailer came within the coverage of the tools of the trade exemption.

Creditor Bank has also argued that a narrow construction is appropriate since the State of Texas, using the same language as the Oklahoma exemption, has consistently refused to find coverage for large and complicated machinery. Creditor Bank argues that this Court should follow the Texas precedent because of our past acknowledgment of the similarity of the statutory language in *Brummage v. Kenworthy.*[7] However, we note that this Court's citation of Texas law in the *Brummage* case was in connection with the Texas Supreme Court's then stated policy of construction to allow liberal exemptions under the statute. Further, contrary to Creditor Bank's assertions, the Texas decisions in the matter have not been consistent, and the exemption has been found to extend to complicated articles of machinery. In the case of *Moore v. Neyland,*[8] the court stated:

The tanks, pumps, warehouses, and other equipment used by Horace Martin in the conduct of his business, adapted to and necessary in carrying on such vocation, come within the purview of Article 3832, Sub. 5, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 3832, subd. 5, which exempts to every family "all tools, apparatus and books belonging to any trade or profession." *Harris v. Todd,* Tex.Civ.App., 158 S.W. 1189 (pool tables used in the operation of a pool hall held to be exempt); *Betz v. Maier,* 12 Tex.Civ.App. 219, 33 S.W. 710 (an iron safe used by an insurance agent in his business); *Green v. Raymond,* 58 Tex. 80, 44 Am.Rep. 601 (printing press, type, cases, etc., of a publisher). We quote from the last case cited:

"The settled policy has ever been to make liberal exemptions of property from forced sale in this state. That liberality has been extended from time to

---

6. *McDonald v. Mercill,* 714 P.2d 132, 135 (Mont. 1986).

7. Supra, note 4.

8. 180 S.W.2d 658, 660 (Tex.Civ.App.1944). And see *In re England,* 22 B.R. 389 (N.D.Tex.Bkrptcy. 1982) holding a five and a half ton fully automated screw machine covered under the present version of Texas' tools of the trade exemption which covers tools, equipment and apparatus used in any trade or profession and reasonably necessary for the family. Along with other items of personal property an exemption may be claimed up to an aggregate value of $30,-000.00.

time, until to-day Texas, in this particular, surpasses all the other states of the American Union. * * *

"It has not been the policy of the judicial department to restrict this liberalizing tendency of the law-making power by a strict construction of these laws; on the contrary, they have been 'liberally construed with a view to effect their objects and to promote justice.'"

*Fore v. Cooper,* Tex.Civ.App., 34 S.W. 341 (barber chairs, tables, mirror used in conducting barber shop); *Lopez v. Naegelin,* Tex.Civ.App., 59 S.W.2d 844 (machinery operated by electricity, oven, tables, counters, etc. used in baking business, held to be exempt); *Hinckley–Tandy Leather Co. v. Hazelwood,* Tex.Civ. App., 35 S.W.2d 209 (cobbler's finishing machine, operated by electric motor and which could not be operated by hand, held exempt as apparatus within the statute); *In re Pagel Electric & Ice Co.,* D.C., 14 F.2d 974 (electric light plant, poles, wires, etc.); *Huebsch Mfg. Co. v. Coleman,* Tex.Civ.App., 113 S.W.2d 639 (tumbler used in drycleaning business).

■ We now hold that the tools of the trade exemption under 31 O.S.Supp.1987 § 1(A)(6) applies to any property which comes within the scope of the terms tools, apparatus or books, is used in the trade or profession of the debtor or a dependent of the debtor, and is reasonably necessary, convenient or suitable for production of work in that trade or profession regardless of size, source of power, mobility or mode of operation.

■ The remaining issue for consideration by this Court is the question of whether the value of an item otherwise meeting the above stated criteria will affect a claim for exemption under 31 O.S.Supp.1987 § 1(A)(6). Here the bankruptcy court seeks guidance in the interpretation of the effect of 31 O.S.Supp.1987 § 1(C) which, as quoted supra, provides that:

In no event shall any property under paragraph 5 or 6 of subsection A of this section, the total value of which exceeds Five Thousand Dollars ($5,000.00), of any person residing in this state be deemed exempt.

Creditor Bank and amicus curiae Oklahoma Bankers Association argue that the intent of this subsection is to deny exemption to any piece of property exceeding 5,000 dollars in value. The debtors in this case have argued that the value limitation should be construed as a cap on the total value of property which may be claimed exempt under the tools of the trade exemption.

The use of the phrase "any property" by itself would make the language here susceptible to either interpretation as the word "any" may indicate either the singular or the plural.[9] However, the use of the phrase "the total value of which" would appear to support the interpretation proposed by the debtors as the word "total" would be superfluous if the term "any property" were read as indicating a single piece of property. It is a cardinal rule of statutory construction that a statute must be interpreted so as to render every word of the statute operative where such a result is possible.[10] Here the use of the word "total" would clearly appear to indicate an intent to limit the aggregate value of property which might be claimed exempt under the tools of the trade exemption.

While no case has been found directly on point in our consideration of the value question we do find very similar language to have been considered in the case of *Opitz v. Brawley,*[11] where the Supreme Court of Wisconsin considered the language of that State's tools of the trade exemption which covered:

"The tools, implements and stock in trade of any mechanic, miner, merchant, trader or other person, used or kept for the purpose of carrying on his trade or

9. *Black's Law Dictionary* 86 (5th ed. 1979); *Webster's New Collegiate Dictionary* 51 (1979).

10. *Robison v. Ray,* 637 P.2d 108 (Okla.1981); *State ex rel. Okla. Tax Comm. v. Daxon,* 607 P.2d 683 (Okla.1980).

11. 10 Wis.2d 93, 102 N.W.2d 117 (1960).

business, not exceeding two hundred dollars in value."

The court in that case considered a claim involving various items of office equipment and held that all of the equipment, up to a value of 200 dollars was covered by the exemption.

The concept of allowing coverage of the property within the exemption up to a certain level of value while leaving the property uncovered above that level may be seen in the treatment of property claimed under the homestead exemption allowed by 31 O.S.Supp.1987 § 1(A)(1) as limited by 31 O.S.1981 § 2. Under these provisions a lien may attach to the homestead property in excess of the absolute coverages provided under 31 O.S.1981 § 2.[12]

We hold that the 5,000 dollar limitation on the value of exempt property provided in 31 O.S.Supp.1987 § 1(C) applies to the total value of all such property claimed under subsection 1(A)(6) so that, to the extent the combined value thereof exceeds 5,000 dollars the lien of the creditor continues to be effective.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, OPALA, ALMA WILSON and KAUGER, JJ., concur.

SIMMS, Justice, concurring in part; dissenting in part.

I dissent to that portion of the opinion holding a 1979 Ford tractor, a front end loader, a box blade, and a 6 x 14 flat bed trailer are "tools, apparatus ... used in any trade or profession." I concur with the remainder of the opinion.

SUMMERS, J., concurs in result.

12. *Finerty v. First National Bank of Duncan,* 92    Okla. 102, 218 P. 859 (1923).