**In re Robert Lee JOHNSON and Dorothy Marie Johnson, Debtors.**

**Bankruptcy No. 89–716–BH.**

United States Bankruptcy Court,
W.D. Oklahoma.

June 21, 1989.

D. Benham Kirk, McKnight & Gasaway, Enid, Oklahoma for creditor, Beneficial Okl., Inc.

Jeffrey C. Trent, Yukon, Okl., for debtors.

## ORDER REGARDING DEBTORS' CLAIMED EXEMPTIONS

**RICHARD L. BOHANON,**
Chief Judge.

The debtors seek to avoid a lien pursuant to § 522(f) of the Bankruptcy Code on property claimed as exempt. A hearing was held on June 1, 1989. The remaining issues to be decided are whether a 1982 Ford pickup of the debtors is exempt as a tool of the trade, and whether the creditor, Beneficial Oklahoma, Inc., retains a purchase money security interest in property otherwise exempt when the creditor refinances the original note upon which the security interest was based.

The debtors have claimed a 1982 Ford pickup as exempt as a tool of the trade under 31 O.S. § 1(A)(6). The debtors have contracts with the United States Postal Service to run two mail delivery routes. One route goes to Okarche, and the other goes to Watonga. The truck claimed as exempt is the exclusive vehicle being used to perform the Watonga contract. Further it is the only functional vehicle owned by debtors which has the carrying capacity and meets the specifications required by postal contract.

A tool of the trade includes any property "reasonably necessary, convenient or suitable for the production of work" in a trade of the debtor. *In re Siegmann,* 757 P.2d 820, 822 (Okla.1988). In *Siegmann* the court found that a tractor was a tool of the debtor's farming trade. Beneficial contends a truck is not a tractor, it is a motor vehicle and cannot be exempted as a tool of the trade. The court in *Siegmann* did not distinguish tractors from other vehicles which might not be exempt and we can see no reason to. As noted in *Siegmann* the purpose of the exemption statute is to protect items necessary to allow a person to continue to work to support himself. *Siegmann* at 822.

Beneficial cites *In re Helmuth,* 92 B.R. 494 (Bankr.N.D.Okla.1988) for the proposition that lien avoidance on exempt property is only intended to apply to items of low resale value. The *Helmuth* court was critical of *Siegmann* which it found was primarily based upon 1987 changes to the exemption statutes which provided a $5,000 ceiling on exemption of tools of one's trade. *Helmuth* at 500. We need not discuss whether the $5,000 ceiling on exemptions was the reason behind the *Siegmann* decision. We simply recognize that *Siegmann* binds us and that the $5,000 ceiling protects creditors from any excessive exemptions.

Beneficial also cites *First State Bank of Perkins v. Pulliam,* 112 Okl. 22, 239 P. 595 (1925) which held that a Ford automobile used ostensibly in connection with the profession of "veterinary" and "oil scout" was not exempt as a tool or apparatus of debtor's trade. The *Pulliam* decision was primarily based upon a statute in effect at the time prohibiting the exemption of automobiles. We note that the statutes concerning automobile exemptions have changed, particularly since 1925, and certainly in part to recognize the increasing necessity of motor vehicles in our mobile society.

Returning to *Siegmann* we must determine whether the truck is reasonably necessary for an occupation debtor engages in to support himself. The debtors have been

performing on this mail contract for a few years. We find the contract, although not the debtors' sole source of income, is reasonably necessary for their support. The debtors' truck is certainly necessary to perform their mail delivery contract. Further, there appears to be no other vehicle which the debtors could use to replace this truck. We find the truck is a tool of the debtors' trade and is consequently exempt.

■ The debtors have also claimed as exempt a fire alarm system and a water treatment system in which the creditor claims a purchase money security interest. The water treatment system was purchased for Dorothy Johnson. Mrs. Johnson has suffered ailments a result of the hardness of the water where debtors live. As a result debtors' physician proscribed Mrs. Johnson from drinking that water. Pursuant to the recommendations of their physician the debtors purchased the water treatment system. 31 O.S. § 1(A)(9) provides exemption for "professionally prescribed health aids". We find the water treatment system exempt under this provision. The fire alarm is exempt under 31 O.S. § 1(A)(3) as household goods.

■ Even if exempt the creditor's lien may not be avoided to the extent the creditor has a purchase money security interest. When Beneficial first loaned money to the debtors it took a purchase money security interest against the original note. Later the creditor extended new credit and added the balance of the original note on to the new note, thereby cancelling the original note. Whether a purchase money security interest remains after a loan is refinanced is a question of state law. *In re Billings,* 838 F.2d 405 (10th Cir.1988). Although some states have held a purchase money security interest is automatically lost, we have held a determination of all the facts is required in order to decide whether the security interest has lost its purchase money character for lien avoidance purposes. *In re Russell,* 29 B.R. 270 (Bankr.W.D. Okla.1983).

Here it appears the new loan served the purposes of obtaining additional financing, providing a new payment schedule, and consolidating all loans to the same debtor. The loan agreement indicates the property in which the creditor had a purchase money security interest. Although new value was included in the new loan the creditor does not appear to have intended to surrender its purchase money security interest, and "[w]here the original amount advanced is clearly part of the renewal loan, the original purchase money status should stand with regard to the amount carried forward." *Russell* at 274.

Accordingly, Beneficial is secured to the extent of the lesser of the value of the collateral or the amount of the new loan which represents refinancing of the old loan. If the parties cannot agree on this value a hearing may be requested.

The 1982 Ford pickup is exempt as a tool of the trade to extent of $5,000 and any lien of Beneficial upon that vehicle is avoided.