**In re Robert E. GEORGIA, Debtor.**

**Bankruptcy No. 1–82–00151.**

United States Bankruptcy Court, S. D. Ohio, W. D.

July 26, 1982.

Richard P. Schuler, Cincinnati, Ohio, for Creditor—U. S. Life.

Harold Jarnicki, Lebanon, Ohio, for debtor.

## DECISION AND ORDER ON LIEN AVOIDANCE.

BURTON PERLMAN, Bankruptcy Judge.

Debtor filed an application to avoid the fixing of the lien held by creditor U. S. Life Credit Corporation pursuant to 11 U.S.C. § 522(f). Creditor filed an objection, contending that creditor held a purchase money security interest, so that the requirements for lien avoidance present in the statute were not met.

The matter came on for hearing. The evidence adduced at the hearing established that on October 6, 1980 debtor and his wife entered into a retail installment agreement for the purchase of a color television set and bunk beds with Easy Living Furniture Inc. The seller assigned the agreement to the here objecting creditor. Thereafter debtor became delinquent in his payments on the obligation. To deal with this situation a new instrument was prepared by creditor and signed by debtor on August 31, 1981. This instrument provided for payment of the indebtedness on different terms from those appearing in the original retail installment agreement. That is, the monthly payment was reduced from $73.66 to $63.00. The rate of interest was increased from 18% to 26.92%. Debtor's wife did not sign the new instrument. Debtor contends that the new instrument destroys the purchase money character of the original transaction. We disagree and sustain the objection to avoidance of the lien existing in favor of this creditor.

We reach this conclusion on the basis that the evidence does not show an intention to terminate the original transaction. What is at hand is a consensual arrangement to deal with a default under the original transaction. We agree with the decision *In re Holland,* 16 B.R. 83 (Bkrtcy.N.D.Ohio, 1981). *Cantrill Construction v. Canter,* 418 F.2d 705, 707 (6th Cir., 1969), while decided prior to the Bankruptcy Code, is of interest particularly in respect to the view of the court that a change in the interest rate was not of consequence in regard to the determination of whether a new contract had been made.

The present case is to be distinguished from *In re Dorothy Byrd*, Case No. 1–82–00575 (S.D.Ohio, Western Division, decision entered June 17, 1982 unreported.) In that case we reached a contrary result, but there the facts were fundamentally different. Debtor obtained new money from the creditor whereupon a new security agreement was entered into which consolidated the new money with the principal balance then owing on the original transaction. The same collateral securing the original loan served as the collateral in the new agreement. In cases such as *Byrd* the parties intend to terminate the original agreement and supersede it with a new one evidencing an increased debt. This differs from the present situation where the debt is the same; the terms of payment merely are changed, and the original agreement is not terminated.

The objection to lien avoidance is sustained.

SO ORDERED.