**In re Douglas F. SMITH and Kathryn J. Smith, Debtors.**

**Bankruptcy No. 3–86–1121.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Dec. 8, 1986.

Steve Bergeson, Jordon, Minn., for debtors.

Michael J. Iannacone, St. Paul, Minn., Trustee.

### MEMORANDUM ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to Debtors' claimed exemptions. Appearances are as noted in the record. Based upon testimony at hearing, September 15, 1986, arguments and briefs of counsel and upon all the records and files herein, the Court now being fully advised in the matter makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

The Debtors filed their petition under 11 U.S.C. Chapter 7 on April 9, 1986. They were then, and are now, self-employed in the trucking business. This dispute involves a 1972 Kenworth semi-truck cab, owned by the Debtors and valued at $10,-000.00, which they seek to exempt under MINN.STAT. § 550.37, Subd. 6. The truck is the only significant business-related asset of the operation and it is used exclusively for commercial contract load hauling.

The trustee objects to the exemption, claiming that the truck is a motor vehicle and that it is not within the parameters of exemptions allowable under the statute. The Debtors argue that the truck is an item within the scope of the exemption statute, and rely in substantial part on an official opinion issued April 19, 1960, by the then Minnesota Attorney General. The trustee relies for the most part on two unreported bankruptcy decisions in the District of Minnesota, which he argues require determination in his favor. Apparently, neither the Minnesota Supreme Court nor the Court of Appeals has ever determined the issue, and there are no reported decisions of the lower Minnesota Courts.

## II.

MINN.STAT. § 550.37, Subd. 6, provides an exemption for individuals of an interest in property consisting of "tools, implements, machines, instruments, office furniture, stock in trade, and library reasonably necessary in the trade, business, or profession of the debtor ..." The parties agree that state law controls whether the truck is exemptible by the Debtors under the statute. However, each claims that the present status of the law is settled in his/their favor.

On April 19, 1960, the office of Minnesota Attorney General issued an opinion that a truck-tractor may be an instrument within the ambit of the statute.[1] At this point in the discussion, it is convenient to note that the truck referred to in the opinion, and the truck involved here, are motor vehicles.

In 1976, the Federal District Court for the District of Minnesota in Bankruptcy, Hon. Jacob Dim, ruled that an automobile is not an exemptible item under MINN. STAT. § 550.37, Subd. 6. *See In re Anderson*, BKY 3–75–1755 *aff'd* United States District Court, Hon. Donald D. Alsop, June 8, 1976. The debtor in that case was a real estate salesperson who used the vehicle primarily for real estate business purposes.[2] Although the decision was limited to an automobile, the memorandum filed in support of it used the terms "automobile" and "motor vehicle" interchangeably.[3]

---

1. The statute has since been amended, but the changes have no apparent relation to the opinion or its reasoning.

2. Interestingly, the Office of Minnesota Attorney General had issued an opinion in 1969 that an automobile used by a debtor in connection with his business as a travelling salesperson was a "tool of his trade" within the meaning of MINN. STAT. 550.37, Subd. 6. The opinion noted consistency of that conclusion with federal decisions under the Bankruptcy Act, citing the Third Circuit case, *Matter of Willis C. Pioch*, 235 F.2d 903 (3rd Cir.1956).

3. Judge Dim, in his memorandum, reasoned:
 To broaden the terms of the above statute to include an automobile or a motor vehicle as an exempt item under the above statute would in effect constitute legislation by this court. If the legislature intended an automobile to be exempt under the statute, it should have specifically included it as exempt. Several years ago, television sets were not exempt in the State of Minnesota, although household goods were. The legislature amended the exemption statute to specifically include television sets as exempt to a bankrupt.
 The Minnesota legislature has dealt with automobiles and/or motor vehicles separately in many statutes. They are excepted from the Uniform Commercial Code and provide for separate recording statutes and issuance of certificates of titles relating to the same. There are separate licensing statutes relating to motor vehicles, separate statutes relating to drivers' licenses, separate safety responsibility statutes, etc. It therefore is clear to me that if a motor vehicle is to be exempt under the statute, if it is necessary in the business, trade or profession of a person, it is for the legislature to exempt the same and not for the courts.

In 1978, the Minnesota Bankruptcy Court again decided that an automobile is not exemptible under MINN.STAT. § 550.37, Subd. 6. *See In re Olson*, BKY 6–78–69 (Hon. J. Connelly 8/29/78). The debtor in that case sought an exemption on the basis of need for the vehicle as a means of transportation to and from her place of employment. The Court, Hon. John J. Connelly, disallowed the exemption, citing *Anderson, supra*, as controlling.

### III.

At first glance, it appears that, in light of *Anderson, supra*, this Court is left with a dim beacon to guide it through the misty shrouds that envelop MINN.STAT. § 550.-37, Subd. 6, and to probe its shadows in search of the truck that the Debtors urge lies hidden within and that the trustee claims will be found without. However, upon closer scrutiny, the Court concludes that *Anderson* is not the most appropriate tool of the Court's trade to use in pursuit of its mission.

Judge Dim's decision was correct in *Anderson*, and to the extent that it is inconsistent with an opinion with the State Attorney General, *Anderson* controls. However, the decision itself is not inconsistent with the Attorney General's 1960 opinion dealing with truck-tractors.[4]

 MINN.STAT. § 550.37, Subd. 6, is descriptive, not definitive. It is true that automobiles and trucks, such as the Debtors', are both defined as motor vehicles. However, that fact alone does not preclude

application of the trade exemption statute; nor does the provision in separate statute for motor vehicle exemptions preclude application of § 550.37, Subd. 6, in appropriate cases.[5]

 Resolution of the question whether automobiles and trucks can be trade exemptions must be made upon the facts of each particular case; and the resolution should be based upon their connection with the particular trade or business, not upon their connection with an individual debtor. Thus, where the business is selling real estate, it is reasonable to conclude that an automobile is not reasonably necessary in the trade, even though it may be necessary to a salesperson in pursuing the trade. It is incidental to the trade. The business is selling real estate, not driving an automobile.[6]

On the other hand, a taxi cab might well constitute a proper trade exemption for an individual in the taxi business. The trade is driving the vehicle to transport persons from one place to another for a fee. It is not selling a fare. Regarding the taxi business, it might well be reasonable to conclude that a taxi cab is reasonably necessary in the trade. The vehicle is primary, not incidental to the business.

 Similarly, in this case, the Debtors' truck-tractor is primary to the trade. The trucking business consists of hauling goods, commodities and bulk from one place to another for a fee. The hauling is done by trucks (like the Debtors') that are

---

This Court sympathizes with the bankrupt in that the loss of his motor vehicle may create a hardship for him, but believes his remedy is with the legislature.

4. It is inconsistent with the Attorney General's opinion of 1969 dealing with automobiles used by salespersons. The 1969 opinion is, in this Court's view, also inherently inconsistent. It states that while the opinion is applicable to vehicles of travelling salespersons, it is not applicable to vehicles of persons who might need them for transportation to and from their place of trade, business or profession. The distinction appears to be one without a real difference.

5. MINN.STAT. § 550.37, Subd. 12a, allows an exemption in a motor vehicle to the extent of a value not exceeding $2,000.00. That statute merely evidences legislative intent to provide an exemption for every debtor of an interest in a personal use motor vehicle.

6. To reason otherwise would be to acknowledge a statute without parameters. For instance, can a $1,000.00 wrist watch constitute a trade exemption to a salesperson because he needs an accurate time piece to assure that he arrives at a scheduled appointment timely?

specially designed, equipped and used for that sole purpose.

The Debtors are self-employed truckers. A trucker cannot truck without a truck. There is no rational basis to conclude that the Debtors' truck does not come within the descriptive ambit of MINN.STAT. § 550.37, Subd. 6, simply because it is defined as a motor vehicle.[7] The truck is a machine necessary in the trade.

While the foregoing reasoning is difficult to reconcile with Judge Dim's memorandum supporting the *Anderson* decision,[8] it is consistent with the decision itself. The memorandum should be considered in the context of the factual dispute then before the Court.

Due to the enactment of the 1978 Bankruptcy Code, and particularly § 522(f) lien avoidance entitlement, the Bankruptcy Court in the District of Minnesota has been confronted in recent years with increasingly complex and varied factual situations requiring the interpretation and application of MINN.STAT. § 550.37, Subd. 6, and its counterpart for farmers, § 550.37, Subd. 5. In this Court's view, the statutes as presently constituted, are incapable of specific judicial construction to provide uniform application consistent with their original purpose. The statutes should be amended to effectively deal with the present-day realities of modern trades, businesses, professions and employment. In the absence of amendment, developing case law will likely lead to inconsistent and arbitrary application based on technical distinction without substantive difference. These statutes are obsolete tools of the Court's trade.

Based on the foregoing, IT IS HEREBY ORDERED: the trustee's objection to the Debtors' claimed exemption of the 1972 Kenworth truck cab valued at $9,930.00 is overruled.

---

7. A tractor used by a farmer to till his field is a motor vehicle too. The Bankruptcy Court for the District of Minnesota has consistently recognized exemptions of farm tractors as "farm machines" under MINN.STAT. § 550.37, Subd. 5. How then can truck-tractor motor vehicles be excluded from exemption as "machines" under § 550.37, Subd. 6? The fact that some motor vehicles are treated differently than others in various non-exemption statutes for licensing, regulatory and tax purposes is irrelevant.

8. See Footnote No. 3.