**In re Robert Lee JOHNSON, a/k/a Robert L. Johnson, a/k/a R.L. Johnson, a/k/a Bob Johnson, a/k/a Robert Johnson, and Dorothy Marie Johnson, a/k/a Dorothy M. Johnson, a/k/a Dorothy Johnson, Debtors.**

**Nos. CIV 89–1396–R, BK–89–00716–BH.**

United States District Court, W.D. Oklahoma.

Dec. 21, 1989.

Jeffrey C. Trent, Yukon, Okl., for debtors.

Michael C. Bigheart, D. Benham Kirk, Jr., McKnight & Gasaway, Enid, Okl., for creditors.

## ORDER

DAVID L. RUSSELL, District Judge.

Appellant, Beneficial Oklahoma, Inc. ("Beneficial") appeals from the Bankruptcy Court's June 21, 1989 order granting Debtors' April 21, 1989 motion to avoid Beneficial's non-purchase money lien on exempt property, 101 B.R. 280. Beneficial also seeks to certify to the Oklahoma Supreme Court, pursuant to the Oklahoma Uniform Certification of Questions of Law Act, Okla.Stat. title 20, § 1601 et seq., the question of whether a motor vehicle can be exempt as a tool of the trade under Okla. Stat. title 31, § 1(A)(6). The Court has reviewed the parties' briefs and the responses and replies thereto, and is prepared to render its decision resolving these matters.

Debtor Robert Lee Johnson is a contract bulk mail carrier for the United States Postal Service. Debtors own a 1972 Ford one (1) ton box truck which Mr. Johnson uses in performing one of his bulk mail delivery routes for the Postal Service. Pursuant to a promissory note and chattel mortgage, Beneficial holds a non-possessory, non-purchase money lien against Debtors' truck. On January 31, 1989, Debtors, Robert Lee Johnson and Dorothy Marie Johnson, filed their Joint Voluntary Petition for Chapter 7 bankruptcy in the Western District of Oklahoma. BK–89–716–BH. The Bankruptcy Court, Richard L. Bohanon, Chief Judge, granted Debtors' motion to avoid Beneficial's lien on their truck, finding that Debtors' truck was exempt as a tool of the trade under Okla.Stat. title 31,

§ 1(A)(6) to the extent of $5,000, and that Debtors were entitled to avoidance of the lien pursuant to 11 U.S.C. § 522(f)(2)(B). The Court relied principally on *In re Siegmann*, 757 P.2d 820, 822 (Okla.1988), as support for its holding. Beneficial timely perfected an appeal to this Court from the Bankruptcy Court's order.

The District Court's standards of review of the findings of the Bankruptcy Court differ according to whether a finding is of law or of fact. Findings of law are subject to de novo review. *In re Robinson Bros. Drilling, Inc.*, 97 B.R. 77 (W.D.Okla.1988); *In re Mullett*, 817 F.2d 677 (10th Cir.1987). Findings of fact, on the other hand, are to be upheld unless they are found to be clearly erroneous. *In re Mullett*, 817 F.2d 677 (10th Cir.1987); *In re Reid*, 757 F.2d 230 (10th Cir.1985).

The Bankruptcy Court's determination that Debtors' truck falls within the scope of property described by Okla.Stat. title 31, § 1(A)(6), Oklahoma's statutory exemption for "tools of the trade," was a finding of law, and we review this finding de novo. The Oklahoma Supreme Court was recently asked the certified question:

"Does the term 'tools, apparatus ... used in any trade ...' as used in Okla. Stat.Ann. tit. 31, § 1(A)(6) include all types of equipment, regardless of size, source of power, mobility, value or mode of operation, needed by a person in pursuit of a trade?"

*In re Siegmann*, supra at 821.

This question was broad enough to include, not only the farm tractor at issue in *Siegmann*, but also the one-ton commercial truck at issue in the present case. The Court answered the question by holding that

"the tools of the trade exemption of Okla.Stat.Ann. tit. 31, § 1(A)(6) applies to any property which comes within the scope of the terms tools, apparatus or books, is used in the trade or profession of the debtor, ... and is reasonably necessary, convenient, or suitable for production of work in that trade or profes-

sion, regardless of size, source of power, mobility, or mode of operation."

*Id.* at 824.

The Court also stated that, in cases of doubt, statutes exempting property from forced sale for the payment of debts are to be resolved in favor of the debtor. *Id.* at 822.

 In view of the broad and inclusive definition given tools of the trade in *Siegmann,* together with the Court's stated policy of liberally construing exemptions in favor of the debtor, it is the opinion of this Court that the Bankruptcy Court did not err in finding that Debtors' truck could qualify as a tool of Debtors' trade under Okla.Stat. title 31, § 1(A)(6). Furthermore, it is unnecessary to certify Appellant's question to the Oklahoma Supreme Court because the question was adequately answered in *Siegmann.*

Beneficial's primary argument is that a truck should not be considered a tool of the trade because, as a motor vehicle, it falls within a separate statutory exemption for motor vehicles. Okla.Stat. title 31, § 1(A)(13). However, the Court finds no authority for the proposition that property may not qualify for more than one statutory exemption.

The Bankruptcy Court also made a factual finding that Debtors' truck was reasonably necessary for the production of Debtors' work or trade, as required by *Siegmann,* supra. Beneficial's primary argument against this finding is that the truck was not used in Mr. Johnson's *principal* occupation as a laborer at Temtrol Corporation. Beneficial contends that Mr. Johnson's mail delivery business is a *secondary* business which merely supplements his primary income from Temtrol. However, Oklahoma does not limit a debtors' exemption for tools of the trade to tools used in his principal occupation only. This argument is therefore unpersuasive. Beneficial has failed to carry its burden of proof that the factual finding of the Bankruptcy Court was clearly erroneous.

For the above stated reasons, the June 21, 1989 order of the Bankruptcy Court is hereby AFFIRMED.

IT IS SO ORDERED.