**In re Steven B. JOHNSON, Debtor.**

**Bankruptcy No. 4–92–7559.**

United States Bankruptcy Court,
D. Minnesota.

Nov. 10, 1993.

Steven B. Johnson, pro se.

Peter B. Stein, Stein & Moore, St. Paul, MN, for Signal Bank.

## MEMORANDUM ORDER GRANTING RELIEF FROM AUTOMATIC STAY

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 4th day of November, 1993, on Signal Bank's motion for relief from the automatic stay. Appearances were as follows: Peter Stein for the movant Signal Bank, Inc. ("Signal"); and Steven Johnson, pro se.

### FACTS

Signal is a secured creditor of Debtor pursuant to a Promissory Note and Security Agreement dated April 10, 1992. Signal holds a nonpossessory, nonpurchase-money security interest in a 1984 Ford Cargo Van, VIN # 1FDEE14Y9EHB15777. Debtor has not made payments on the loan since September, 1992. Signal now moves for relief from the automatic stay according to section 362(d)(1) of the Bankruptcy Code.

Debtor is a self-employed plumber. He works as a tradesman when periodically called to job sites by contractors. He once was, but no longer is, in the plumbing business. He uses the van to get to and from work and, naturally, uses it to carry his hand tools to and from job sites. Debtor asserts that the van is exempt as a tool of the trade. Therefore, Debtor contends that relief should not be granted since Debtor may avoid the lien under section 522(f)(2)(B). He concedes that relief from stay is appropriate if he is unable to avoid the lien.

### DISCUSSION

Section 522(f)(2)(b) provides that a debtor may avoid the fixing of a lien on property that is otherwise exempt if the lien is a "nonpossessory, nonpurchase-money security interest in any implements ... or tools of the trade of the debtor." 11 U.S.C. § 522(f)(2)(B). In order for Debtor to avoid

the lien, the van must be exempt. Because Debtor elected Minnesota exemptions, state law governs.

Section 550.37 of the Minnesota statutes permits a debtor to exempt the "tools, implements, machines, [and] instruments ... reasonably necessary in the trade, business, or profession of the debtor." Minn.Stat. § 550.37, subd. 6 (1992). Minnesota case law interpreting the "tools of the trade" exemption is scarce. There is no Minnesota case law discussing whether a motor vehicle can be a tool of the trade.

Despite the lack of state law, there are numerous federal court decisions considering the issue of whether a motor vehicle is a tool of the trade. It is settled in this Circuit that the term "tools of the trade" is not limited to small hand tools and may involve motor vehicles. *Prod. Credit Ass'n. v. La Fond*, 791 F.2d 623 (8th Cir.1986). The emerging test for determining when a motor vehicle is a tool of the trade is whether "the motor vehicle is necessary to, and is used by the debtor to carry on his or her trade." *Nazarene Fed. Credit Union v. McNutt (In re McNutt)*, 87 B.R. 84, 87 (9th Cir. BAP 1988). The ultimate question, however, is "necessary to what?". To this question there is little agreement. *Compare McNutt*, 87 B.R. at 87 (holding that truck used to haul drywall tools was necessary for debtor to do business); *Dempsey v. Household Finance Corp. (In re Dempsey)*, 39 B.R. 561, 563 (Bankr.E.D.Pa.1984) (holding that van equipped to transport floor cleaning equipment was necessary when debtor's business was dependant on van); *with In re Horton*, 76 B.R. 166, 167 (Bankr.D.Mont. 1987) (denying an exemption for van in which musician carries musical instruments); *In re Rice*, 35 B.R. 431, 432 (Bankr.D.Kan.1982) (holding that use of an automobile to and from work is not necessary to trade).

In *In re Smith*, 68 B.R. 581 (Bankr. D.Minn.1986), Judge O'Brien held that whether a motor vehicle could be a tool of the trade under the Minnesota exemption statute required a finding that the vehicle be necessary to the *trade*, as opposed to the individual *debtor*. *Id.* at 583. The debtors in *Smith*, who were self-employed in the truck-

ing business, sought to exempt a semi-truck cab. In allowing the exemption, Judge O'Brien drew a distinction between what is "necessary to" and what is "incidental to" the trade, and found that a truck is necessary to the trucking business. *Id.*

Following the *Smith* analysis, with which I agree, in the present case the van is only incidental to Debtor's work as a plumber. While Debtor contends that the van is necessary to transport himself and his various tools, Debtor is essentially arguing that the van is necessary to Debtor as an individual. It merely provides the means by which he gets to and from work sites. For the van to be a tool of the trade, however, it must be actually necessary to the trade of plumbing. Debtor's van does not assist him in the actual performance of his plumbing work.

### CONCLUSION

Since the van is not a tool of the trade under Minn.Stat. § 550.37, subd. 6, Debtor may not avoid the lien pursuant to section 522(f)(2)(B).

ACCORDINGLY, IT IS HEREBY ORDERED THAT Signal Bank's motion for relief from stay in regard to a 1984 Ford Cargo Van VIN # 1FDEE14Y9EHB15777 is GRANTED.