**In re Michael KRUEGER, Kelly Krueger.**

**Bankruptcy No. 94–30165.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Sept. 28, 1994.

Rebecca Hess, Toledo, OH, for movant.

Howard Hershman, Toledo, OH, for City Loan Financial Services.

## OPINION AND ORDER DENYING MOTION TO AVOID LIEN

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Michael and Kelly Krueger's ("Debtors") motion to avoid a lien held by City Loan Financial Services ("CLFS") in certain furniture (the "Furniture") acquired with the proceeds of a loan obtained from CLFS. The Court finds that the Debtors' motion is not well taken and should be denied.

### FACTS

The Debtors filed a petition under chapter 7 of title 11 in 1994.

The parties have stipulated as to the facts presented to the Court.

On or about March 29, 1993, the Debtors purchased the Furniture from Value City Furniture and gave the seller a purchase money security interest in the Furniture. The loan contract (the "Loan") was immediately assigned to CLFS.

On or about June 10, 1993, the Loan was refinanced by CLFS (the "Refinancing"). At the time of the Refinancing, the payoff amount on the Loan was $1,557.00 which included interest that was earned but unpaid in the amount of $28.27. In extending the Refinancing, CLFS advanced an additional $1,000.00 to the Debtors.

A security agreement contained in the promissory note for the Refinancing granted CLFS a security interest in the Furniture. *See* Exhibit 3. The Furniture was listed under the heading "items purchased with the proceeds of a prior credit transaction and now owned by the borrowers".

The parties agree that the Furniture represents household goods held primarily for personal family or household use.

CLFS' lien is a non-possessory lien, having been perfected by CLFS' filing of a financing statement with the Lucas County Recorder's Office on June 16, 1993.

The Debtors made payments to CLFS subsequent to the Refinancing in the amounts of $93.27, $100.00, and $60.00 on July 25, 1993, September 30, 1993 and October 28, 1993, respectively.

The value of the Furniture at the time of the Refinancing totaled $1,147.98, as set forth in the loan documents evidencing the Refinancing. *See* Exhibit 3.

### DISCUSSION

#### Applicable Statute

Section 522(f) of title 11 provides that:
[n]otwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

... (2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods ... that are held primarily for the personal family, or household use of the debtor[.]

The determination of whether CLFS' security interest in the Furniture retains its purchase money character subsequent to the Refinancing is controlled by Ohio Revised Code § 1309.05. *See Holland v. Associates Finance (In re Holland)*, 16 B.R. 83, 84–85 (Bankr.N.D.Ohio 1981).

As noted by the parties in their briefs, the courts which have interpreted analogous provisions of the Uniform Commercial Code have split as to whether a lender's nonpossessory purchase money security interest survives a refinancing of a debtor's obligation to the lender. *Compare Billings v. Avco Colorado Indus. Bank (In re Billings),* 838 F.2d 405 (10th Cir.1988) (finding that refinancing of purchase money loan on furniture did not destroy creditor's purchase money security interest under Colorado law); *Pristas v. Landaus of Plymouth, Inc. (In re Pristas),* 742 F.2d 797 (3rd Cir.1984) (creditor's purchase money security interest was not destroyed upon refinancing under Pennsylvania law); *First Nat'l Bank & Trust Co. v. Daniel,* 701 F.2d 141 (11th Cir.1983) (Per curiam) (refinancing of purchase money loan on office equipment and law books did not destroy creditor's purchase money security interest under Georgia law); *with Dominion Bank of the Cumberlands, NA v. Nuckolls,* 780 F.2d 408, 413 (4th Cir.1985) (refinancing extinguished purchase money character of original loan); *Matthews v. Transamerica Financial Services (In re Matthews),* 724 F.2d 798 (9th Cir.1984) (Per curiam) (finding that refinancing of loan extinguished purchase money character of loan); *In re Keeton,* 161 B.R. 410 (Bankr.S.D.Ohio 1993) (refinancing of loan extinguished purchase money security interest in water softener under Ohio law). This Court has previously held that a lender's security interest retained its purchase money character after the debtors refinanced their obligation to the lender in a case where no additional funds were advanced to the debtors and no additional collateral was granted to the lender when the debtors refinanced the debt. *In re Holland,* 16 B.R. at 83.

This Court noted in *Holland,* that:

[i]t is well settled in Ohio that renewals of notes, or changes in the form of the evidence of a precedent debt, do not create a new debt, unless it is expressly agreed between the parties. (citations omitted). The presumption is that it is a conditional, not an absolute, payment of the obligation. (citations omitted).

*In re Holland,* 16 B.R. at 87–88.

There is no evidence that the Refinancing represented a payment, satisfaction or discharge of the Loan. Therefore, the Refinancing did not extinguish CLFS' purchase money security interest in the Furniture. *C.f. In re Johnson,* 101 B.R. 280, 282 (Bankr. W.D.Okl.1989) (creditor retained purchase money security interest after refinancing loan and was secured to the extent of lesser of value of collateral or amount of refinanced loan), *aff'd,* 113 B.R. 44 (W.D.Okl.1989); *In re Parsley,* 104 B.R. 72 (Bankr.S.D.Ind.1988) (creditor retained purchase money security interest in case where debtor refinanced and cross-collateralized debt to the extent that debtor had not paid original purchase price for household goods).

The fact that the interest rate contained in the Refinancing differs from the interest rate contained in the Loan cannot be viewed as persuasive evidence of an intent to extinguish CLFS' purchase money security interest. *See In re Georgia,* 22 B.R. 31 (Bankr. S.D.Ohio 1982) (change in interest rate not determinative as to intent to terminate original obligation) (citing *Cantrill Construction v. Carter,* 418 F.2d 705, 707 (6th Cir.1969), *cert. denied,* 397 U.S. 990, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970)); *see also In re Billings,* 838 F.2d at 409 n. 4 (citing *Cantrill* for the proposition that a change in interest rate upon refinancing does not extinguish original obligation).

Moreover, the fact that CLFS provided the Debtors with an additional $1,000.00 advance in extending the Refinancing does not compel a finding that the Refinancing extinguished the purchase money character of CLFS' security interest. *See In re Conn,* 16 B.R. 454 (Bankr.W.D.Ky.1982) (fact that cash advances extended to debtor in refinancing loan did not destroy purchase money character of security interest under Kentucky law).

The fact that the Refinancing included finance charges incurred by the Debtors on the Loan, provided for a longer term of repayment than the Loan, and provided for increased monthly payments does not represent strong support for the Debtors' position that the Refinancing extinguished CLFS' purchase money security interest.

Significantly, the Refinancing was entered into on June 10, 1993, less than three months

subsequent to the date of the Loan. This fact militates against a finding that CLFS intended to surrender its purchase money security interest in the Furniture. *C.f. In re Short,* 170 B.R. 128, 135 (Bankr.S.D.Ill.1994) (finding that it was "unlikely" that parties intended to extinguish lender's purchase money security interest where entire purchase price of collateral remained unpaid at time of refinancing). Further, in view of the fact that the Refinancing specifically contemplated CLFS' retention of a security interest in the Furniture, the Court cannot conclude that the parties intended to extinguish CLFS' purchase money security interest in the Furniture. *C.f. In re Short,* 170 B.R. at 135 (parties' reference in loan documents for refinancing to lender's "continued purchase money interest" in collateral evinced intent not to extinguish purchase money security interest).

Therefore, CLFS' security interest retains its purchase money character to the extent of $1,303.73, the payoff balance of the Loan at the time of the Refinancing less subsequent payments made by the Debtors.

In light of the foregoing, it is therefore

ORDERED that the Debtors' motion to avoid CLFS' lien on the Furniture be, and it hereby is, denied.