In re Joey D. MACKEY and Susan J. Mackey, Debtors.

Bankruptcy No. 96–71899.

United States Bankruptcy Court, E.D. Oklahoma.

June 4, 1997.

James A. Conrady, Okmulgee, OK, for Debtors.

Gerald R. Miller, Muskogee, OK, Chapter 7 Trustee.

## ORDER

TOM R. CORNISH, Bankruptcy Judge.

On this 3rd day of June, 1997, the Objection to Exemption filed by Gerald Miller, Chapter 7 Trustee, and Response by the Debtors came on for consideration.

After a review of the above-referenced pleadings, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

The Debtors filed this bankruptcy on September 23, 1996. The Debtors listed a 1987 Peterbilt Truck as a tool of the Debtor's trade and seventy-five percent (75%) of the Debtor's wages earned in the ninety (90) days preceding bankruptcy in the amount of $7,064.04. The Debtors listed the value claimed as exempt on the Peterbilt Truck in the amount of "0.00." According to the Debtors' schedules, the truck is mortgaged to Associated Commercial Corporation in the amount of $5,082.52. The Debtor, Joey D. Mackey, is a truck driver. In the Trustee's Supplemental Brief, he did not continue to urge his argument that the wages were not exempt; thus, that argument is deemed abandoned.

The issue in this case is whether the 1987 Peterbilt Truck is exempt as a tool of the Debtor's trade. The Trustee first argues that the Debtors are not claiming any value in the truck and thus, it is not exempt. The Trustee relies on the Tenth Circuit's opinion in *Wilson v. General Motors Acceptance Corp. (In re McCoy)*, 643 F.2d 684 (10th Cir.1981), wherein the Court held that the exemption, granted pursuant to the Oklahoma statute allowing an automobile exemption, extended only to the debtor's equity interest in an automobile. Judge Ryan, in *In re Kidd*, 101 B.R. 677, 681 (Bankr.E.D.Okla. 1987), determined that an exemption referring to an "interest" does not rest on the existence of debtor's equity in the property. The exemption statute at issue was the automobile exemption which provided "such a person's interest, not to exceed $1,500 in

value, in one motor vehicle" is exempt. That statute today is essentially the same, except the value limitation has increased to $3,000.00.

■ The automobile exemption statute is not in question in this case. The statute in question is *Okla.Stat.Ann. tit. 31, § (A)(6) (West 1991)* which provides an exemption for "tools, apparatus and books used in any trade or profession of such person or a dependent of such person." It appears to the Court that in the "tools of the trade" exemption statute, the property itself is exempt. Had the legislature even contemplated the exemption to be in the debtor's equity interest, the language of the statute would have, at the very least, stated "such a person's interest in tools, apparatus and books used in any trade or profession of such person or dependent of such person" not to exceed some value.

■ The Oklahoma "tools of the trade" exemption is designed to assist the debtor's "fresh start." *Kidd* at 679. The intent of the statute is to insure that the items necessary to allow a person to continue to work to support himself are exempt. *Lindsey v. Kingfisher Bank*, 832 P.2d 1, 4 (Okla.1992) (citing *In re Siegmann*, 757 P.2d 820, 822 (Okla.1988)). Oklahoma exemption statutes are to be liberally construed. *Id. (citation omitted).* A two-pronged analysis is used in determining a "tool of the trade" exemption:

(1) Debtor must establish a trade or profession;

(2) claimed exemption must be an item necessary to continue in that trade or profession

*Id.*

In *In re Siegmann*, 757 P.2d 820, 821 (Okla.1988), the United States Bankruptcy Court for the Western District of Oklahoma certified the following question to the court:

Does the term "tools, apparatus ... used in any trade ..." as used in Okla.Stat.Ann. tit. 31, § 1(A)(6) (West Supp.1987) include all types of equipment, regardless of size, source of power, mobility, value or mode of operation, needed by a person in pursuit of a trade?

The Court in *Siegmann* noted "that statutes exempting property from forced sale for the payment of debts are to be given a reasonable construction to effect their intent and purpose and in case of doubt, the doubt is to be resolved in favor of the exemption." *Id.* at 822 *(citations omitted).* The Oklahoma Supreme Court, in *Siegmann,* held:

that the tools of the trade exemption under 31 O.S.Supp.1987, § 1(A)(6) applies to any property which comes within the scope of the terms tools, apparatus or books, is used in the trade or profession of the debtor or a dependent of the debtor, and is reasonably necessary, convenient or suitable for production of work in that trade or profession regardless of size, source of power, mobility or mode of operation.

*Id.* at 824.

The Court, in *Siegmann,* further held:

that the 5,000 dollar limitation on the value of exempt property provided in 31 O.S.Supp.1987 § 1(C) applies to the total value of all such property claimed under subsection 1(a)(6) so that, to the extent the combined value thereof exceeds 5,000 dollars the lien of the creditor continues to be effective.

In *In re Johnson,* 113 B.R. 44 (W.D.Okla. 1989), the court was faced with the issue of whether a one ton truck used in the debtor's business as a contract bulk mail carrier was a tool of the trade. The Court, in *Johnson,* held that with the broad and inclusive definition of tools of the trade in *Siegmann,* the truck was considered a tool of the trade. The Court, in *Johnson,* addressed an issue that is also presented in this case, that the truck should not be considered a tool of the trade because it falls within another statutory exemption for motor vehicles. *Id.* at 46. The Court stated that it found no authority for the proposition that the property may not qualify for more than one statutory exemption. *Id.*

In *In re Wiford,* 105 B.R. 992 (Bankr. N.D.Okla.1989), the Court noted that items were exempt if they were "inexpensive, handheld or reasonably limited in bulk, complexity and artificial power." This Court does not believe that the exemption should be so limited.

Many courts have allowed motor vehicles exempt if they are necessary for the debtor to carry on his trade. *In re Smith,* 68 B.R. 581 (Bankr.D.Minn.1986); *In re Weinstein,* 44 B.R. 987 (Bankr.E.D.Pa.1984); *Dempsey v. Household Finance Corp. (In re Dempsey),* 39 B.R. 561 (Bank.E.D.Pa.1984); *Schneider v. Fidelity Nat'l Bank (In re Schneider),* 37 B.R. 747 (Bankr.N.D.Ga. 1984); *Assocs. Comm'l Corp. v. Dillon (In re Dillon),* 18 B.R. 252 (Bankr.E.D.Cal.1982). "Trade" is defined as "the business or work in which one engages regularly." Webster's Ninth New Collegiate Dictionary 1250 (1985).

■ In the instant case, the Debtor is self employed as a truck driver. Truck driving is clearly a trade or profession. The 1987 Peterbilt Truck is reasonably necessary, convenient or suitable for his trade or profession. Using the definition in *Siegmann,* the Court finds that the truck may be a tool of the trade. The Debtors and the Trustee have agreed that the value of the vehicle is $13,-800.00. The Debtor is limited by the dollar limitation set forth in *Okla.Stat.Ann. tit. 31, § 1(C) (West 1991).*

IT IS THEREFORE ORDERED that the Objection to Exemption is **denied,** up to the limitation set forth in *Okla.Stat.Ann. tit. 31, § 1(C) (West 1991).*